CORNELIUS J. CRONIN *vs.* HORACE FOSTER & EDWARD A. FOSTER, Copartners.

A non-resident temporarily within the State cannot be garnished under the laws of Rhode Island.

ASSUMPSIT.    On motion to discharge a garnishee.

*January* 29, 1881.    POTTER, J.    The plaintiff attached the personal property of the defendants in the hands of A. D. Briggs & Company of Springfield, Massachusetts, by serving his writ on J. K. Smith of that firm.    The plaintiff and the defendants were residents of Rhode Island.    The debt intended to be garnished was due to the defendants by Briggs & Co. upon a contract for railroad work, which contract was made and the work performed in Rhode Island, and the payments had so far been made in Rhode Island.    Smith makes affidavit that there was a sum due from Briggs & Co. to the defendants, but that all the members of the firm of Briggs & Co. were residents of Massachusetts, and that there was no personal property of the defendants in the hands of Briggs & Co. within the State of Rhode Island; that he came to see to the railroad work three or four times a week, and that his wife spent about three weeks in Rhode Island in the summer; that his home and office were in Springfield, and that he had none anywhere else.

Can a person temporarily in the State be garnished under our laws?    This question was decided in the negative by our Supreme Court in Washington County, Eddy, C. J., presiding, as long ago as December, A. D. 1830.    The plaintiff, a resident of Westerly, had his writ served, under the then trustee process, on General Williams of New London, Connecticut, happening to find him on the Rhode Island side of the state line.    The court held

that a person transiently within the State could not be garnished, and that the service was void.

Under our statutes as they formerly stood, the process could only be used when the defendants were absent or absconding debtors; and the object appears to have been to enable creditors to reach debts, &c., which they might have left due to them at home.

By the custom of London, whence the process arose, no person could be served as trustee unless he resided within the jurisdiction of the court. And to this effect was the decision in many of the earlier cases here in the United States.

When a person transiently in another State is sued for his own debt, it is a different case. But if a person by garnishment is compelled, in order to satisfy a debt not his own but due from one of his creditors, to pay his own debt in a mode very different from that in which he would otherwise have paid it, or to carry goods perhaps of weight from his own State into another in order to discharge himself, it might in many cases be a hardship; and this has led the courts, and very properly, to a great degree of strictness in deciding on the liability.

Some cases have allowed exceptions to this rule: *First,* when the trustee has personal chattels of the defendant with him in the State. Generally those could be attached independently of the trustee process. *Second,* when the money due is contracted to be paid or articles are to be delivered within the State. No question of partnership is made in this case, and on questions of this sort we do not now mean to decide.                *Motion granted.*

Subsequently the plaintiff moved for a rehearing, in order to present affidavits showing that at the time of the service the garnishee had with him in this State money which he had brought with him to pay to the defendants. The court refused to grant the motion, saying that even then the money would not belong to the defendants until paid to them.    *Garnishee discharged.*

*Hugh J. Carroll,* for plaintiff.

*Pardon E. Tillinghast,* for defendants and garnishee.