Public Laws R.I. cap. 596, of May 27, 1886, §§ 1, 3, 4, 5, 7, 8, 9, 15, are as follows: —
"SECT. 1. No person shall manufacture or sell, or suffer to be manufactured or sold, or keep or suffer to be kept on his premises or possessions or under his charge, for the purpose of sale and delivery within this State, any ale, wine, rum, or other strong or malt or intoxicating liquors or any mixed liquors a part of which is ale, wine, rum, or other strong or malt or intoxicating liquors, to be used as a beverage. Wherever the words `intoxicating liquors' shall be used in this act it shall be deemed to include ale, wine, rum, or other strong or malt liquors, or any mixed liquors a part of which is ale, wine, or other strong or malt liquors."
"SECT. 3. Persons authorized by chapter 131 of the Public Statutes to sell medicines and poisons may sell the liquors enumerated in the first section of this act for artistic and mechanical and medicinal purposes only, and not to be drunk on the premises of the seller. But no such liquor shall be sold to a minor except as hereinafter provided.
"SECT. 4. Sales of liquor for medicinal purposes under authority of section 3 of this act shall be made only upon and in accordance with a written prescription or prescriptions from a medical practitioner, but no such liquor shall be sold to a minor without a written request from his parent or guardian, and sales *Page 404 
of liquor for mechanical or artistic purposes shall be made only upon receipt of a written statement, signed by the party purchasing, of the use to which the same is to be applied: provided that nothing in this act shall be construed to prevent the sale by registered pharmacists and others of flavoring extracts and essences, similar to those heretofore in common use, or the sale by registered pharmacists or registered assistant pharmacists of wine for sacramental purposes, and of the liquors mentioned in section 1 of this act to physicians and pharmacists, for use in their profession or business; and all said prescriptions, written requests, and written statements upon which sales of liquor may be made under the provisions of this section, shall be, by the persons making said sales, preserved for the term of one year next succeeding said sales respectively, and during said term shall be open to the inspection of any of the officers mentioned in section 38 of this act. And no such prescription, written request, or written statement shall authorize more than one such sale to be made thereon.
"SECT. 5. Every registered pharmacist or registered assistant pharmacist who shall sell or suffer to be sold any of the aforesaid liquors in violation of the foregoing provisions shall be fined not less than one hundred nor more than five hundred dollars, and shall be deprived of the right of practicing as such pharmacist or assistant pharmacist in this State for the period of five years thereafter."
"SECT. 7. Every person who shall sell or suffer to be sold to any minor any intoxicating liquors, or who shall deliver or suffer to be delivered to any minor intoxicating liquors, except as provided in section 4 of this act, shall be fined one hundred dollars and be imprisoned not less than thirty days nor more than three months.
"SECT. 8. If any person shall offer to sell, sell or suffer to be sold by any person, by sample or otherwise, any ale, wine, rum, or other strong or malt intoxicating liquors, or any mixed liquors a part of which is ale, wine, rum, or other strong or malt or intoxicating liquors, in violation of any of the provisions of this act, he shall on the first conviction be fined twenty dollars and be imprisoned in the county jail for ten days; on the second conviction he shall be fined fifty dollars and be imprisoned in the county jail *Page 405 
three months; and on the third and every subsequent conviction he shall be fined one hundred dollars and be imprisoned in the county jail not less than three months nor more than six months.
"SECT. 9. If any person shall keep or suffer to be kept on his premises or possessions, or under his charge, for the purpose of sale, in violation of any of the provisions of this act, any ale, wine, rum, or other strong or malt or intoxicating liquors, or any mixed liquors a part of which is ale, wine, rum, or other strong or malt or intoxicating liquors, he shall be fined twenty dollars and be imprisoned in the county jail ten days."
"SECT. 15. The following forms may be used in prosecutions under sections 8 and 9 of this act, and if substantially followed shall be sufficient in law to fully and plainly describe the offences set forth in said sections respectively, and to authorize the lawful doings of the officers acting under and by virtue of the warrants and other process issued in substantial conformity therewith; but this shall not be so construed as to prohibit the use of other suitable forms."
Form for a Complaint and Warrant under section 8.
"To Esquire, Justice of the district court of the judicial district, or to ___ a justice of the peace authorized to issue warrants, in the ___ judicial district, in the county of ___ in the State of Rhode Island and Providence Plantations ___ chief of police [or special constable or other person, as the case may be] of the town of ___ in said county, on oath ___ complains, in the name and behalf of the State, that at said on the day of ___ A.D. 18 with force and arms, ___ of said without lawful authority did then and there offer to sell, sell, and suffer to be sold, ale, wine, rum, and other strong and malt and intoxicating liquors, and mixed liquors a part of which was ale, wine, rum, and other strong and malt and intoxicating liquors, to one ___ [or, if the individual be unknown, to some person to said complainant unknown], against the statute and the peace and the dignity of the State.
"Wherefore he prays advice and that process may issue, and that the said respondent may be apprehended and held to answer *Page 406 
to this complaint, and be further dealt with relative to the same according to law.
"Dated at ______ this _______ day of ________ A.D. __ 18__."
[Here insert certificate of oath of complainant and recognizance when required by law.]
"State of Rhode Island and Providence Plantations.
SC. ___ To the sheriff of the county of _____ his deputies, or to any of the town sergeants or constables in the county of _____ Greeting: Complaint having been made to me on oath, as ________ above written, you are therefore hereby required, in the __ [L.S.] name of said State, forthwith to apprehend the body ________ of the said respondent above named (if he may be found within your precinct), and him have before the district court of the __ judicial district, or some other lawful authority, to be dealt with relating to the premises as to law and justice shall appertain. And for so doing this shall be your warrant. Hereof fail not.
 "Given under my hand and seal, at ______ in said county, this ___ day of ___ in the year 18__. ____________________
"Justice Clerk of the District Court of the __ Judicial District,
or Justice of the Peace authorized to issue Warrants in the Judicial District."
Form for a Complaint and Warrant for Keeping Intoxicating Liquors__________________ for Sale under section 9.
"To ___ Esquire, justice clerk of the district court of the judicial district, or to ___ a justice of the peace authorized to issue warrants in the ___ judicial district in the county of ______ in the State of Rhode Island and Providence Plantations, _____ chief of police [or special constable, or other person, as the case may be] of the town of ___ in said county, on oath __ complains, in the name and behalf of the State, that at said __, on the ___ day of ___ A.D. 18 with force and arms, ___ of said without lawful authority, did then and there keep and suffer to be kept on his premises, in his possession, and under his charge, ale wine, rum, and other strong and malt and intoxicating liquors, and mixed liquors a part of which was ale, wine, rum, and *Page 407 
other strong and malt and intoxicating liquors, with intent to sell the same in this State, against the statute and the peace and dignity of the State.
"Wherefore he prays advice, and that process may issue, and that the said respondent may be apprehended and held to answer to this complaint, and be further dealt with relative to the same according to law.
"Dated at _____ this ____ day of _____ A.D. 18__."
[Here insert certificate of oath of complainant and recognizance when required by law.]
"State of Rhode Island and Providence Plantations.
SC. _____ To the sheriff of the county of his deputies, or to any of the town sergeants or constables in the county of _____ Greeting: Complaint having been made to me on oath, as ________ above written, you are therefore hereby required, in __ [L.S.] the name of said State, forthwith to apprehend the ________ body of the said respondent above named (if he may found within your precinct), and him have before the district court of the __ judicial district, or some other lawful authority, to be dealt with relating to the premises as to law and justice shall appertain. And for so doing this shall be your warrant. Hereof fail not.
 "Given under my hand and seal, at _______ in said county, the ___ day of ___ in the year 18__. ____________________
"Justice Clerk of the District Court of the ___ Judicial District,
or Justice of the Peace authorized to issue Warrants in the Judicial District."
Two complaints have been certified to us from the District Court of the first judicial district, charging Catherine Duggan with sales of intoxicating liquor. The complaints are brought under Pub. Laws R.I. cap. 596, § 8, of May 27, 1886. The defendant moved to quash the complaints in the District Court, upon the ground that the act is in conflict with the Constitution of the State and of the United States, whereupon they are certified to this court. The defendant specifically sets forth that sections 8 and 15 are unconstitutional. *Page 408 
She does not say what particular clause of either Constitution is violated by the law, but it is urged in argument that it is in conflict with the declarations in our Constitution that "all laws should be made for the good of the whole," and "that no person should be deprived of life, liberty, or property, unless by the judgment of his peers or the law of the land."
It is contended that section 5, by prescribing for pharmacists violating sections 3 and 4 a penalty different from that contained in section 8, is legislation in favor of a class, which, in consequence, makes the penalty of section 8 unequal as to others and contrary to the "law of the land," as that phrase is understood in judicial construction. In other words, it is claimed that there is in the act an attempt at class legislation which vitiates the entire law. Several cases are cited to show that laws which undertake to give special privileges, contrary to the "law of the land," are unconstitutional. It is to be remarked, however, that the cases cited are mainly those where acts have been passed to apply to individual cases, contrary to a general law, e.g. granting an appeal in special case, Lewiset al. v. Webb, 3 Me. 326; granting a review in a particular suit, Durham v. Lewiston, 4 Me. 140; dismissing Indian reservation cases when prosecuted for use of another, Wally'sHeirs v. Kennedy, 2 Yerg. Tenn. 554; creating special court for special cases without appeal and trial by jury, State Bank
v. Cooper, 2 Yerg. 599; allowing prosecution of claim of deceased person without letters of administration, Officer v.Young, 5 Yerg. 320; directing sale of property against the will and consent of party in interest, Ervine's Appeal, 16 Pa. St. 256; suspending statute of limitations in special case, Holden
v. James, 11 Mass. 396. In Ho Ah Kow v. Nunan, 5 Sawyer, 522, specially relied on by the defendants, the point decided was that the board of supervision of San Francisco had no authority over the sanitary condition of the county jail; hence an ordinance requiring a prisoner's hair to be cut, whether as an additional penalty or a sanitary regulation, was an excess of authority. In Budd v. The State, 3 Humph. 483, the indictment was held to be insufficient, the court adding that, if the offense had been properly charged, an act making it a felony for an officer or servant of a particular bank to embezzle its funds, and which did not apply to the officers *Page 409 
and servants of all banking corporations, would be unconstitutional. The case of State ex. relat. Stoutmeyer v.Duffy, 7 Nev. 342, involved an act excluding negroes from public schools, which was, to that extent, held to be in conflict with the fourteenth amendment of the Constitution of the United States. In the remaining cases cited, the acts considered were held not to be unconstitutional. Very instructive remarks are found in many of the opinions, but we fail to find among them a case similar to or decisive of the question before us; and we do not know of any case which decides that, in a penal statute, there may not be special regulations for particular trades. Nor is it necessary, in our view of the case, that we should pass upon this point.
The defendant's contention rests solely upon the ground that the penalty upon pharmacists is distinct and exclusive, and that they are thereby exempted from the provisions of section 8. If they are not thus exempted, there is no discrimination against the defendant, and the question of the constitutionality of section 5 does not arise until a case is brought under it. The underlying and controlling question then is, whether the penalty in section 5 is distinct and exclusive or whether it is cumulative. If it is cumulative, it may be void as to those upon whom it bears unequally, without affecting section 8, which is general and equal. The two sections are not so interwoven that they cannot be separated. If section 5 be cumulative, we do not need to say what its effect upon the law would be if it were otherwise. It is an elementary proposition that courts only determine by construction the scope and intent of a law when the law itself is ambiguous or doubtful. If a law is plain, and within the legislative power, it declares itself and nothing is left for interpretation. It is as binding upon the court as upon every citizen. To allow a court, in such a case, to say that the law must mean something different from the common import of its language, because the court may think that its penalties are unwise or harsh, would make the judicial superior to the legislative branch of the government, and practically invest it with the law-making power. The remedy for a harsh law is not in interpretation, but in amendment or repeal. It is also an elementary rule that in the interpretation of statutes a court must look to the language of the law. If this be plain, it *Page 410 
must be followed, and in doing this the court does not assume that the legislature meant to enact incongruous and repugnant provisions.
The language of section 8 is so general and direct that we can neither disregard it nor say that it is so ambiguous as to need interpretation. It is: "If any person shall sell," etc., "in violation of any of the provisions of this act." This is broad enough to include, and by its terms does include, pharmacists and everybody else who shall violate the act in any way. It contains no exception. If we were to say that it does not include pharmacists we should import an exception into the section contrary to its terms. We should turn aside from its broad terms to follow a conjecture or assumption that the legislature must have intended an exception, from the fact that another punishment is provided for pharmacists who violate the act. The legislature expresses its meaning by the words of the law, and when it says, "If any person shall sell in violation of any of the provisions of this act," we cannot suppose it intended to exclude pharmacists. It is not claimed that this language, in itself, transcends any recognized limit of legislative power, so as to call for the interpolation of words which it must be presumed were meant to be included, but which were omitted. The defendant contends, however, that we must assume that pharmacists are excepted from the section because they are excepted from section 7, which provides a penalty for sales to minors. But this is not so. Section 7 does not except pharmacists, but only sales made "as provided in section 4." A pharmacist who should sell to a minor otherwise than "as provided in section 4," would be liable to the penalty of section 7. The exception applies to the manner of the sale, and not to the person who may make it. Under section 4 pharmacists may sell to minors, for medicinal purposes, upon a physician's prescription and a written request from a parent or guardian. Hence the section forbidding all sales to minors must necessarily except a sale in the manner permitted. There is no discrimination or class legislation in this, nor any exemption from the penalty to any person who violates the provisions. Considering section 8 as including every person who violates the law, it follows that an additional provision prescribing a special penalty for transgressing certain *Page 411 
limits of authority must be regarded as imposing a cumulative penalty. If it be urged that such a cumulative penalty is unreasonable and severe, we can only say that this is a matter which rests in the discretion of the legislature. It may have been thought that the authority given to pharmacists gave them also such peculiar opportunities to evade and violate the law as to require additional safeguards. Our conclusion is that section 8 is not in conflict with the Constitution of this State or with that of the United States. We may here remark that the Massachusetts statute of 1855, cap. 215, contained a special penalty for druggists, and the Maine statute, Rev. Stat. 1871, cap. 27, a special penalty for agents, violating the law, as well as a general section like our own. In the numerous cases in which the constitutionality of those acts was brought in question, and in which they were declared to be valid, we find no suggestion that the special provision invalidated the statute. The silence of the cases on this point is significant that neither bench nor bar considered the laws objectionable on that account. SeeCommonwealth v. Clapp, 5 Gray, 97, 100; Commonwealth v.Hitchings, 5 Gray, 482, 486.
Section 15 prescribes forms of complaint which may be used in prosecutions under the act. The defendant claims that the forms as there given do not sufficiently declare "the nature and cause of the accusation." Whatever force there might be in the objection to complaints alleging only what is set forth in section 15, the objection has no application to these complaints. These do not simply follow the permitted form. The sales are here charged as sales of liquor "to be used as a beverage." This describes the one offence prohibited by the act in the first section. No authority is anywhere given in the act to sell liquors for such a purpose, and hence there is no exception to the prohibition. Nor could there be; for if the act contained any such exception, it would thereby be in conflict with the fifth amendment to the Constitution. The authority which is given to sell for other purposes, in section 3, gives no authority to sell for use as a beverage. Authority to sell for other purposes, therefore, need not be negatived in the complaints. Negative averments are not required unless an exception is made to the enacting clause. State v. Rush, 13 R.I. 197; State v.O'Donnell, 10 R.I. 472. *Page 412 
Inasmuch as the complaints specifically, accurately, and fully describe the offence prohibited by the enacting clause of the act and are not in the form set forth in section 15, we are not called upon to decide and need not discuss the constitutionality of the section with reference to a complaint framed according to its terms. As to these cases, therefore, we decide that chapter 596 of the Public Laws is not in conflict with the Constitution of this State nor with that of the United States. The cases must be remanded to the District Court for sentence.
Order accordingly.