HERBERT C. HATHAWAY *vs.* MARY GRAY HATHAWAY, *Ex'x.*

NOVEMBER 4, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is an appeal from a decree of the Probate Court of the Town of Warwick admitting to probate the will of Edward H. Hathaway. After hearing in the Superior Court, before a justice sitting without a jury, decision was rendered declaring the will revoked by the marriage of the testator subsequent to the execution thereof. The cause is before us on appellee's exceptions.

At the hearing in the probate court a certain instrument in writing dated March 30, 1920, purporting to be the last will and testament of Edward H. Hathaway, late of Warwick, deceased, was admitted to probate. The appellee, Mary Gray Hathaway, widow of said Edward H. Hathaway, was appointed executrix. Thereafter Herbert C. Hathaway, son of the testator by a former marriage, claimed an appeal which was heard by the Superior Court. It appeared in evidence that the testator's first wife, Sarah E. Hathaway, died February 27, 1920; that the appellee and testator were married January 27, 1921, and that on March 30, 1920, previous to said marriage, he executed the will in question. Appellee at the time of the execution of this will was the legatee under the residuary clause thereof and was by said probate court appointed executrix.

The appellant at the hearing before the Superior Court and in this court contended that said will was revoked by the marriage of the testator subsequent to the execution thereof, and based his argument upon the provisions of General Laws 1923, Chapter 298, Section 16, which is as follows: "Every will made by a man or woman *shall be revoked by his or her marriage,* except a will made in exercise of a power of appointment when the real or personal estate thereby appointed would not in default of such appointment pass to his or her heir, executor or administrator, or the person entitled as his or her next of kin under the statute of distribution." The Superior Court found that the statute being clear and unambiguous the will was revoked by testator's subsequent marriage and that by reason of said revocation he died intestate.

"It is an elementary proposition that courts only determine by construction the scope and intent of a law when the law itself is ambiguous or doubtful. If a law is plain, and within the legislative power, it declares itself and nothing is left for interpretation. It is as binding upon the court as upon every citizen." *State* v. *Duggan,* 15 R. I. 409; *Smith* v. *Soucy,* 46 R. I. 418.

"Where the language is plain and admits of no more than one meaning the duty of interpretation does not arise and the rules which are to aid doubtful meanings need no discussion." *Caminetti* v. *U. S.,* 242 U. S. 485; see also *Hamilton* v. *Rathbone,* 175 U. S. 421.

The statute in question is clear and unambiguous and leaves nothing for interpretation. The decision of the Superior Court, to the effect that it was not subject to any other construction and that no evidence was admissible to vary or explain the meaning so apparent, was correct. When a statute is clear and certain in its meaning rules of construction should have no application and courts are not permitted to search for its meaning beyond the statute itself.

All the appellee's exceptions are overruled and the case is remitted to the Superior Court for the entry of final decree and for further proceedings following the decision.

*Grim, Littlefield and Eden,* for appellant.
*Arthur Cushing,* for appellee.