(No. 9529)

Submitted February 1, 1944. Decided February 22, 1944.

*Wm. S. Ryan,* for plaintiff in error.
*John M. Baker,* for defendant in error.

KENNA, JUDGE:

Pursuant to a hearing held at Ripley, a vacation order was entered by the Circuit Court of Roane County sitting as a juvenile court on the fifth day of April, 1943, in the matter of Mrs. Russell C. Newman against Kathryn

Wright, committing the defendant to the West Virginia Industrial Home for Girls at Salem for an indefinite period. This appeal was granted upon the petition of Kathryn Wright.

According to the averments of the petition, the infant respondent, Kathryn Wright, was born on the nineteenth day of October, 1925, in Roane County, so that the hearing preceded her eighteenth birthday by six months and fourteen days. The defendant resisted the commitment and was represented by counsel of her own selection who, after proof had been taken and prior to commitment, moved to dismiss the proceeding, first, because it had not been shown that the defendant was a delinquent child; second no case had been made against her as a neglected child; third no jury trial had been granted upon the defendant's demand; and fourth no guardian ad litem had been appointed to represent the infant.

An additional question is advanced in this Court to the effect that it is not alleged nor shown in any way that the petitioner is a reputable person as is required by Code, 49-5-7. Since this question was not raised below and was not considered by the juvenile judge and since we consider it as being only a matter of erroneous procedure, it does not involve a question that can be first raised in this Court.

Counsel for the petitioner or appellee raises the question of whether an appeal to this Court from an order of a juvenile court will lie, since it is not provided for in Code, 49-5-1, dealing with the creation of juvenile courts and with appeals so far as they affect the interrelated jurisdiction of courts of record in this State. In answer to this question we think that it is only necessary to call attention to Code, 49-7-18, which provides for appeals to this Court of questions arising under Chapter 49.

Another question that we believe should be dealt with, although not raised of record, is the power of the circuit judge of the Fifth Circuit including the counties of Jackson and Roane, to hold a hearing in Jackson County

upon the question of whether an infant residing in Roane County is to be adjudged a delinquent or neglected child under Chapter 49. Since Code, 49-7-21, expressly provides that the powers conferred upon courts by Chapter 49 may be exercised by the judges of those courts in vacation, and since the judge of a court of record may approve a vacation order when not within the territorial jurisdiction of the court upon the records of which it is to be entered, we have no difficulty in concluding that in the hearings without a jury as contemplated by Chapter 49, the circuit judge may sit at any place within his circuit. However, we believe that it is perfectly apparent that this rule cannot be applied where a jury trial has been demanded and should be awarded under Code, 49-5-6. Nor do we wish the rule to be considered as applying to courts inferior to the circuit court in a manner that would justify them in sitting as juvenile courts entirely outside their defined territorial jurisdiction, the distinction being that the powers of a circuit judge are constitutional and statewide, whereas, all other courts of record are creatures of the Legislature with powers limited by the act of their creation to the territory within which they are empowered thereby to act.

Due to the fact that the record upon which this review was granted does not include a transcript of the evidence nor a narrative statement thereof, the only questions that we can decide are those that are shown by the sufficiency or insufficiency of the petition and the answer, and those which appear from the face of the orders entered in the Juvenile Court of Roane County.

Dealing with the first two assignments of error as a whole, we regard it as necessary to state only that the petition sufficiently avers that Kathryn Wright is both delinquent and neglected, and the court's finding being that she was then a delinquent child whose delinquency consisted, in part, of associating with immoral persons for immoral purposes, charged in the petition and denied in the answer, the act providing that the answer shall not

be given greater weight than the petition, without the proof before us we cannot determine that the finding of the Juvenile Court of Roane County was not amply supported by evidence. The presumption, of course, is that it was.

The third ground of error involving a question upon which it appears the juvenile court acted, is the fact that the motion of the respondent that she be granted a jury trial was overruled. Since Code, 49-5-6, expressly provides that in proceedings of this nature an interested person under Article 5 may demand a jury of twelve persons to try any question of fact, and since in this proceeding, due to the fact that the answer denied the allegations of the petition and proof was taken, the conclusion that there was a question of fact to be tried, we think, cannot be avoided, we are of the opinion that under the terms of the statute the refusal of a trial by jury after demand made by motion constituted reversible error. We wish to point out that in so holding it is not our purpose to classify this proceeding as penal, nor to treat West Virginia Industrial Home for Girls at Salem as being unqualifiedly a penal institution. If delinquency were a penal offense, the constitutional provision prescribing a trial by jury would have to be taken into consideration. We do not believe it was the intention of the Legislature to impose upon delinquent children punishment by way of incarceration. We think that the clear weight of authority is to the effect that statutes of the nature of Chapter 49 which do not provide for trial by jury are not for that reason unconstitutional. For general discussion, see 31 Amer. Jur. 604, par. 38. However, we have before us a statutory provision which we believe clearly accords the right of a jury trial, and since in the accepted meaning of that term a jury is drawn from the citizenry of the vicinage, we are of the opinion that compliance with the demand for a jury trial requires the matters arising upon this petition and answer to be heard in Roane County by a jury there selected.

The fourth ground of assigned error considered by the juvenile court was the failure to appoint a guardian ad litem. We regard that as being entirely unnecessary in a proceeding of this nature, Code, 49-5-4, providing expressly that all persons under the age of eighteen years who appear before juvenile courts shall be deemed to be the wards of the court and accordingly treated. We think it is only necessary to again state in this connection that this is purely a statutory proceeding: not a proceeding in chancery. While it is doubtless true that in a civil proceeding involving the property interests of an infant, a guardian ad litem for the infant concerned is indispensable, we are clearly of the opinion that the appointment of a guardian ad litem is not within the contemplation of the statute which not only makes the court the child's guardian, but in addition provides that the court, or judge, may appoint counsel to represent the child. If a guardian ad litem were appointed the employment of counsel usually would be one of his duties, and not that of the court.

For the foregoing reasons the order of commitment entered by the Roane County Juvenile Court on the fifth day of April, 1943, is set aside, and the case remanded for a trial by jury in Roane County.

*Reversed and remanded.*