**In re LAMBERT et al.**

**No. 1141.**

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 3, 1951.

Decided Jan. 30, 1952.

Ralph R. Sachs, Washington, D. C., for appellant Myrtle Lambert.

Edward A. Beard, Asst. Corp. Counsel, Washington, D. C., with whom Vernon E. West, Corp. Counsel, Chester H. Gray, Principal Asst. Corp. Counsel, and John A. Earnest, Asst. Corp. Counsel, all of Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

In a proceeding in the Juvenile Court two infant children were found to be without adequate parental care [1] and they were committed to the Board of Public Welfare. The father of the children testified at the hearing and apparently consented to the commitment. The mother of the children brought this appeal.

The first error assigned is the refusal of the court to grant a trial by jury on the issues involved. No contention is made that appellant or the children had a constitutional right to jury trial. Such contention could not be validly made because this was a statutory proceeding to determine the best interests of the children,[2] and not a criminal or common-law proceeding. From time immemorial cases involving custody of children have been heard and determined by a chancellor or a judge exercising equity jurisdiction.

Appellant rests her contention on the section of the Juvenile Court Act embodied in section 11–915 of the 1940 Code which in part provides: "The court may conduct the hearing in an informal manner, and may adjourn the hearing from time to time. In the hearing of any case the general public shall be excluded and only such persons as have a direct interest in the case and their representatives admitted. All cases involving children may be heard separately and apart from the trial of cases against adults. The court shall hear and determine all cases of children without a jury unless a jury be demanded by the child, his parent, or guardian or the court."

It is appellant's contention that the last sentence of the above-quoted paragraph gives her or anyone concerned the right to trial by jury in "all cases of children". If the statute, as some statutes do, clearly gives the right to a jury trial, then of course the court would have no right to deny it.[3] However, our statute does not clearly say that the right to a jury trial shall be had in all cases of children. It specifically says trial shall be without a jury "unless a jury be demanded by the child, his parent, or guardian or the court." We do not believe that Congress intended in this indirect way to make a sweeping grant of the right of jury trial to all persons involved in all cases involving children. Had it intended to make so drastic a change, we feel it would have said so in a plainer and more direct manner. Problems presented in

1. Code 1940, § 11–906(a) (6).

2. Thomas v. United States, 74 App.D.C. 167, 121 F.2d 905; In re Stuart, 72 App. D.C. 389, 114 F.2d 825; Rule v. Geddes, 23 App.D.C. 31. See also Wissenberg v. Bradley, 209 Iowa 813, 229 N.W. 205, 67 A.L.R. 1075.

3. See Newman v. Wright, 126 W.Va. 502, 29 S.E.2d 155; Ex parte Satterthwaite, 52 Mont. 550, 160 P. 346; In re Johnson, 173 Wis. 571, 181 N.W. 741.

cases involving custody and welfare of children are usually of a complicated and difficult nature. The welfare of the child is paramount but the rights of parents cannot be ignored. Each case must be decided on its own peculiar facts. There are only general principles, and no specific rules, to aid in reaching a decision. Such cases are not ordinarily submitted to a jury for determination and we cannot believe that Congress intended that juries should decide these cases. Our conclusion is that the statute did not enlarge the right to trial by jury but only preserved it where a constitutional right to jury trial exists, provided seasonable demand therefor is made.

 Appellant also claims that she was never properly served with process. However, her attorney entered his appearance for her and thus any question of process was waived. In this connection, appellant argues that her attorney was compelled by the court to enter a general appearance in order to object to the jurisdiction of the court. The statement of proceedings and evidence does not support this contention. There is included in the record an affidavit of appellant's counsel on this subject, but we must decide the case on the official record and not on statements of counsel.

Finally, claim is made that the Juvenile Court lacked jurisdiction because the children were nonresidents of the District of Columbia. The record does not disclose their residence, but, wherever their legal residence was, they were in the District and subject to the jurisdiction of the court.[4]

Affirmed.

QUINN, Associate Judge (dissenting).

The express language of the statute requires that " * * * The court shall hear and determine all cases of children without a jury unless a jury be demanded by the child, his parent, or guardian or the court." There is no question that such demand was seasonably made by appellant and refused by the trial judge. I feel that this refusal was reversible error.

Congress provided that a jury trial shall be had in these cases if it was demanded. However, it must be noted that Congress did not stop there but explicitly went on to give the parent or guardian or court, as well as the child, the right to make such demand. I feel that the use of the words "or the court" is significant in showing that Congress intended that a right to jury trial be created by the statute. When a right exists in various parties in a case, one may assert that right if the others fail to assert it. By giving the court this power to demand a jury trial, the court is put in a position of being a protector of that right and when it feels that a situation warrants a jury trial it may order it, even though the parties to the case have either failed or refused to exercise their power to assert this right.

The West Virginia Code, under its article on juvenile courts, provides for a jury trial in the following language: "In a proceeding under this article, an interested person may demand, or the judge of his own motion, may order a jury of twelve persons to try any question of fact."[1] I do not find any substantial variance between this statutory provision and the one under consideration. In interpreting this section the Supreme Court of Appeals of West Virginia held that the refusal to grant a jury trial under this section was reversible error.[2]

Since this was a purely statutory proceeding, the Juvenile Court was bound to give a strict construction to that section of the statute and any attempt by that court or this court to deny the appellant a trial by jury is judicial legislation and not interpretation. I cannot say that a statute does not mean precisely what it says, in the absence of any ambiguities.

In discussing the interpretation of clear and unambiguous statutes Sutherland in

4. Boone v. Boone, 80 U.S.App.D.C. 152, 150 F.2d 153.

1. West Virginia Code 1949, § 4904(53) [6] [49-5-6].

2. Newman v. Wright, 126 W.Va. 502, 29 S.E.2d 155.

his work on Statutory Construction (3rd ed.), vol. 2, § 4702, states that the court in interpreting the act must declare it according to the words of the act, for they are, in fact, expressive of the sense and intent of the act. In State v. Duggan, 15 R.I. 403, 6 A. 787, 788, the Supreme Court of that State held: "It is an elementary proposition that courts only determine, by construction, the scope and intent of a law when the law itself is ambiguous or doubtful. If a law is plain, and within the legislative power, it declares itself, and nothing is left for interpretation. It is as binding upon the court as upon every citizen. To allow a court, in such a case, to say that the law must mean something different from the common import of its language, because the court may think that its penalties are unwise or harsh, would make the judicial superior to the legislative branch of the government, and practically invest it with the law-making power. The remedy for a harsh law is not in interpretation, but in amendment or repeal."