273 A.2d 307.

ALDEN ARTHUR LESSARD *et al. vs.* GEORGIANNA C. LESSARD, *Executrix.*

JANUARY 25, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This case flows from the admission to probate of a will executed on May 6, 1946, by Felix A. Lessard, Jr., alias Arthur J. Lessard. In his will the testator left his estate to Georgiana [sic] Horstkamp, who

was also named as executrix in the will. At the time of the execution of the will Georgianna Horstkamp, the executrix, was still married to her first husband, Mr. Horstkamp. Subsequently Mrs. Horstkamp divorced her husband and married the testator. Later, on March 2, 1957, the testator died, and a petition for probate of the will was filed on March 12, 1957, heard on April 2 of that same year, and allowed. The record discloses that at no time after his marriage to Mrs. Horstkamp did the testator make any changes in his will.

The probate court allowed the will on April 2, 1957, and appointed the testator's widow, Georgianna Lessard, as the executrix nominated in the will. About a year later, on April 17, 1958, two of the testator's children by a prior marriage filed a petition in the probate court, praying for a rejection and an annulment of the decree admitting the will to probate and for a revocation of that decree on the ground, first, that they had received no notice of the prior hearing at which the will was admitted to probate and, second, that pursuant to the provisions of G. L. 1956, §33-5-9, the will of the testator had been revoked by his marriage to Mrs. Horstkamp subsequent to the execution thereof.

The probate court denied this petition to modify or annul the decree admitting the will to probate and petitioners appealed that decision to the Superior Court. The Superior Court sustained the decision of the Probate Court of the City of Providence, and from that decision of the Superior Court petitioners are now prosecuting their appeal to this court.

In our opinion, the primary issue raised here is whether the trial justice erred in holding that the testator's 1946 will had not been revoked under the provisions of §33-5-9. In 1931 this court decided the case of *Hathaway* v. *Hathaway*, 52 R. I. 39, 156 A. 800. In that case the question

was whether the marriage of the testator subsequent to the making of a will revoked that will under the statute then in effect. The statute as it was then in effect, G. L. 1923, chap. 298, sec. 16, provided: "Every will made by a man or woman shall be revoked by his or her marriage, except a will made in exercise of a power of appointment when the real or personal estate thereby appointed would not in default of such appointment pass to his or her heir, executor or administrator, or the person entitled as his or her next of kin under the statute of distribution."

The court in that case under that statute held that, where the language of a statute is plain and admits of no more than one meaning, the duty of interpretation does not arise and the rules which are to aid doubtful meanings need not be discussed. It went on to hold that the statute in question was clear, unambiguous, and left nothing for interpretation. In applying the statute, the court in *Hathaway* held that the will in question was revoked by the subsequent marriage.

In the same year, 1931, that statute was amended in such a manner as to add to it the words "* * * unless it appears from the will that it was made in contemplation thereof * * *." The trial justice, in commenting on this decision, held that under the prior form of the statute, under which the *Hathaway* case was decided, a subsequent marriage revoked a will regardless of the circumstances and regardless of whether it had been made in contemplation of marriage. He further held that the General Assembly saw fit to amend the statute, saying: "The only motivation of the general assembly in modification of the statute was to avoid the result of the Hathaway case, to modify the statute so as to take into account the circumstances that a will might have been made in contemplation of marriage." He then went on to say that in his opinion the General Assembly was not satisfied to allow

the statute to be construed as it was in the *Hathaway* case. We cannot fully agree with this conclusion of the trial justice, since it appears that the statute was enacted into law on April 24, 1931, while the *Hathaway* case was not decided until November of 1931. It is, then, our opinion that the trial justice erred in concluding that the 1946 will had not been revoked by operation of the statute.

We think that the Legislature in inserting the phrase "* * * unless it appears from the will that it was made in contemplation thereof * * *" intended by that legislation to modify the statute in its prior form by permitting a testator who was executing a will in contemplation of marriage to avoid its revocation by a subsequent marriage by explicitly stating therein that it was being made in contemplation of the future marriage.

Further, it is our opinion that, as amended in 1931, the statute discloses a clear and plain meaning just as it did before the amendment became effective. We now hold that entry into a subsequent marriage revokes that will by operation of law absent an express statement within the will that it was executed in contemplation of that particular marriage. In other words, it is our opinion that the Legislature meant just what it said, intending to make clear that the testator could avoid such revocation by a declaration that the will was being executed in contemplation of the future marriage.

This raises a secondary question as to whether the petition to annul the decree admitting the 1946 will to probate was timely filed. We are of the opinion that the petitioners clearly were proceeding under §8-9-15, which is concerned with the annulment of orders or decrees admitting a will to probate. That section provides: "When it shall appear to a probate court, pending proceedings before it for the settlement of an estate as a testate estate, that the will under which such proceedings were had has been revoked by the

testator, the court shall have power to annul any order or decree proving the will so revoked, and any other order or decree made by the court in the settlement of the estate under said will."

This statute, in our opinion, vests the probate court with the authority to annul a will which had been revoked by operation of law under §33-5-9, since it is our conviction that the annulment of such a will resulted from the testator's failure to state in express terms that the will was being executed in contemplation of a particular future marriage. The jurisdiction to so act, as the trial justice conceded, would be in the probate court under the language of the statute until such time as the final account had been allowed. It is clear from the record in the instant case that the final account had not been allowed and that there were pending before the probate court proceedings concerning the estate and that, therefore, jurisdiction to annul under §8-9-15 vested in the court. We perceive no valid reason for extending this opinion by a discussion of the arguments raised by the parties to this issue. It is our opinion that the probate court had jurisdiction to annul the decree admitting the will to probate and that its refusal to grant such relief to the petitioners was error. It necessarily follows that we conclude that the trial justice erred in upholding this decision of the probate court.

The appeal of the petitioners is sustained, and the judgment appealed from is reversed.

*Joseph G. Miller, James J. McAleer,* for petitioners-appellants.

*Higgins, Cavanagh & Cooney, John P. Cooney, Jr.,* for respondent-appellee.