DECISION
In this action, Mr. Gagnon is accused of sexually molesting a young child between June, 1980 and June, 1981. Mr. Gagnon has moved to dismiss, alleging prejudicial pre-indictment delay as local police officers completed their investigation in 1986. No indictment was returned until 2004. In Mr. Gagnon's Supplemental Memorandum, he alleges that this action was filed beyond the deadline set in the statute of limitations, and hence should be dismissed.
 Facts and Travel
On June 15, 2004 Mr. Gagnon was indicted by a Providence County Grand Jury on ten counts of first degree sexual assault upon a child. While the indictment alleges that these acts occurred between June, 1980 and June of 1981, photographs documenting the alleged heinous acts are purportedly dated 1980. (Attorney General's Opposition Memorandum, page 4.) The information concerning the alleged crimes was available to local police officers in 1986, but no indictment was returned until 2004. The State proffers no explanation for this significant delay in obtaining an indictment.
 Statute of Limitations
In 1979 the Rhode Island General Assembly enacted P.L. 1979 Chapter 302 in an attempt to strengthen Rhode Island's laws pertaining to sexual offenses. The legislature enacted R.I.G.L. §11-37-2 defining first degree sexual assault to include certain crimes against victims under 13 years of age. The same public law increased the penalty for sexual assaults in the first degree, but did set a statute of limitations for this crime.
The statute of limitations was not extended until May 14, 1981 when the legislature enacted R.I.G.L. § 12-12-17. On that date any statute of limitations for first degree sexual assault was removed.
Mr. Gagnon argues that the reforms in 1979 shortened the statute of limitations for child molestation. Prior to 1979, the statute of limitations for the common law crime of rape was set by R.I.G.L. § 12-12-17 which stated "no person shall be convicted of any offense, except . . . rape . . . unless indictment be found or an information be filed within three (3) years of committing the same." Thus, rape charges could be filed at any time. When the General Assembly enacted the new crime of sexual assault in 1979 without a clear statute of limitations for it, the new crime appears to have been left outside the generic umbrella of the rape statute of limitations. Hence the three-year statute of limitations (R.I.G.L. section 12-12-17) may apply.
Mr. Gagnon contends crimes that would be properly charged as first degree sexual assault were subjected to a three-year statute of limitations if they occurred between May 9, 1979 and May 14, 1981. This may severely limit the prosecution of the within action. This interpretation would prohibit prosecution of Counts I through VII against Mr. Gagnon, and may prohibit prosecution of all counts in the indictment.[1]
The State offers three reasons why a strict three-year statute of limitations should not be applied. The Court will address each one in turn.
First, the State argues that the statutes were solely intended to increase the penalties for child molestation. While that may be true, the Rhode Island Supreme Court has stated time and time again that it is the function of a court in construing a statute to give words their plain and ordinary meaning.[2] The State relies upon Justice Kelleher's review of the statute inState v. Babbitt, 457 A.2d 1049 (R.I. 1983) in support of its argument that the rape statute of limitations should apply. However, the plain language of R.I.G.L. § 12-12-17 as enacted during 1979 and 1981 is clear: specified crimes have no limitation for prosecution, all others have a three-year limit.
Second, the State argues that this Court should infer legislative intent to expand the statute of limitations for the new crime of first degree sexual assault. The State argues that by correcting the statute of limitations in 1981, it inferentially intended to expand the statute of limitations for all prosecutions that were pending within the prior three years. Defendant's memorandum at page 5, citing 21 Am. Jur. 2d, Criminal Law 29. However, the State can point to no explicit language within the revised statute of limitations establishing that the intent of the General Assembly was to expand the statute of limitations for pending cases. The state produced no records of legislative proceedings to support this claim.
 Generally, statutes and their amendments are to operate prospectively unless it appears by clear, strong language or necessary implication that the Legislature intended to give the statute retroactive effect. Theta Properties v. Ronci Realty Co, Inc., 814 A.2d 907, 915 (R.I., 2003).
Hence this court will not imply or infer that a statute of limitations applies retroactively.
Third and finally, the State relies upon the reasoning applied in State v. Brown, 841 A.2d 1116, 1121 (R.I. 2004). Mr. Brown was convicted of first degree sexual assaults occurring over seven years. Mr. Brown sought post-conviction relief based upon the statute of limitations. Mr. Brown failed to raise the statute of limitations defense before or at trial, hence "it is waived",Brown v. State, 841 A.2d 1116, 1121 (2004) citing State v.Lambrechts, 585 A.2d 645, 646 (R.I., 1991) but the Court noted:
 [E]ven if Brown had raised this defense at trial, he would not have succeeded on the merits of his statute-of-limitations defense. As the state correctly notes, the General Assembly did not designate "child molestation" as a separate and distinct crime until 1984 with the passage of § 11-37-8.1. Therefore, counts 1 through 3, which covered the period from July 1, 1979, to May 3, 1984, charged Brown not with child molestation but with first-degree sexual assault in violation of § 11-37-2. There has never been a statute of limitations for first-degree sexual assault. Section 12-12-17. Brown v. State, 841 A.2d 1116, 1121 (R.I. 2004).
Hence, the issue has already been decided by the Supreme Court. In following the principles of stare decisis[3] one must conclude that there has never been a statute of limitations for first degree sexual assault.
 Pre-indictment Delay
Mr. Gagnon argues that a delay of over 20 years in bringing an indictment is unconstitutionally excessive. In United States v.Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971) defendants argued that a 36 month preindictment delay was so substantial and inherently prejudicial that the Sixth Amendment required a dismissal. The high court reasoned that the speedy trial provision of the Sixth Amendment did not apply until the defendant became an "accused," by either a formal indictment or "actual restraints imposed by arrest." Id. at 320,92 S.Ct. at 463, 30 L.Ed.2d at 479. Had the framers of the Constitution intended to protect against pre-accusation delay they "could hardly have selected less appropriate language." Id. at 314,92 S.Ct. at 460, 30 L.Ed.2d at 475. Mr. Gagnon was neither detained nor indicted until 2004.
The Marion Court reasoned that the statute of limitations provided a means to guard against the prejudice resulting from the passage of time between the crime and the indictment. "There is thus no need to press the Sixth Amendment into service to guard against the mere possibility that pre-accusation delays will prejudice the defense in a criminal case since statutes of limitation already perform that function." Id. at 323,92 S.Ct. at 465, 30 L.Ed.2d at 480. Mr. Gagnon was not afforded this procedural safeguard, for in Rhode Island there is no limitation of time for the state to initiate suit.
In Marion the Court stated
 No actual prejudice to the conduct of the defense is alleged or proved, and there is no showing that the Government intentionally delayed to gain some tactical advantage over appellees or to harass them. Id. at 325, 92 S.Ct. at 466, 30 L.Ed.2d at 481-82.
Just six years later in United States v. Lovasco,431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977), the Supreme Court reiterated:
 Thus Marion makes clear that proof of prejudice is generally a necessary but not sufficient element of a due process claim, and that the due process inquiry must consider the reasons for the delay as well as the prejudice to the accused. Id. at 790, 97 S. Ct. at 2048-49, 52 L.Ed.2d at 759.
Our Supreme Court reasoned:
 In light of Marion and Lovasco, it is clear that in order for defendants to prevail on a due-process claim, they must demonstrate not only that the preindictment delay caused them actual prejudice but additionally that the prosecution intended such delay in order to gain some tactical advantage. State v. Vanasse, 593 A.2d 58, 63-64 (R.I. 1991), citing United States v. Acevedo, 842 F.2d 502, 504 (1st. Cir. 1988); United States v. Lebron-Gonzalez, 816 F.2d 823, 831 (1st Cir. 1987).
A thorough review of the record fails to demonstrate whether Mr. Gagnon suffered any actual prejudice from the pre-indictment delay.[4] Mr. Gagnon has neither demonstrated nor alleged that the prosecution intended such delay in order to gain some tactical advantage. In fact, there is simply no explanation of why the delay occurred. See State v. Holley, 604 A.2d 772, 779
(R.I., 1992).
With no prejudice yet shown and no rights clearly inuring to Mr. Gagnon before the indictment, his general due process claims fail.
 Speedy Trial
Mr. Gagnon also contends that the extensive delay deprived him of his right to a speedy trial. The courts have been clear that the right to a speedy trial does not inure until after an accused is indicted, informed or arrested. United States v. Marion,404 U.S. 301, 313 (1971).
To determine whether a defendant's right to a speedy trial has been violated, Rhode Island courts consider the four factors set forth by the United States Supreme Court in Barker v. Wingo,407 U.S. 514, 530 (1972). State v. Perez, 882 A.2d 574, 591
(R.I. 2005). Those factors are (1) the length of the delay, (2) the reason for the delay, (3) whether the defendant asserted his right to a speedy trial, and (4) whether the delay actually was prejudicial. Id. Each of these factors must be fully considered, and no one factor "is wholly dispositive of a speedy trial claim nor is the insufficiency of any one factor fatal to the claim." State v. Wheaton, 528 A.2d 1109, 1112 (R.I. 1987).
However, the Barker v. Wingo analysis does not apply, and the right to a speedy trial does not inure, unless the suspect has been arrested United States v. Marion, 303 U.S. 307,92 S.Ct. 455, 30 L.Ed.2d 468 (1971) or possibly from an indictment,Doggett v. United States, 505 U.S. 647, 112 S.Ct. 2686,120 L.Ed. 2d 520 (1992).
Of course a significant factor is whether the defendant asserted the right to a speedy trial aggressively enough "to constitute the equivalent of a `banging on the courthouse doors.'", State v. Perez, 882 A.2d 575, 592 (R.I. 2005). Of course, defendant never asserted the right, as he was neither charged nor arrested.
No right to a speedy trial has not been infringed.
 Conclusion
The Rhode Island Supreme Court has held that there has never been a statute of limitations for first degree sexual assault. The pre-indictment delay, though clearly lengthy, and for which no prejudice has been shown, fail to violate Mr. Gagnon's due process rights, including his right to a speedy trial. For these reasons Mr. Gagnon's motion to dismiss is denied, without prejudice to the trial justice to revisit the issue if prejudice has been shown.
[1] On May 14, 1981 any statute of limitations for first degree sexual assault was removed. Mr. Gagnon was indicted for acts occurring in June of 1981. Obviously, the crimes committed by Mr. Gagnon after May 14, 1981 are not subject to the earlier limitation.
[2] For example, our Supreme Court held just last year:
We begin our consideration of the pertinent statutory language with a restatement of some basic principles.
As we have often noted, "[i]t is well settled that when the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." Accent Store Design,Inc. v. Marathon House, Inc., 674 A.2d 1223, 1226 (R.I. 1996); see also Keystone Elevator Co., 850 A.2d at 918; Driscoll v.Karroo Land Co., 600 A.2d 722, 724 (R.I. 1991). It is similarly well established that "when we examine an unambiguous statute, `there is no room for statutory construction and we must apply the statute as written.'" State v. DiCicco, 707 A.2d 251, 253
(R.I. 1998) (quoting In re Denisewich, 643 A.2d 1194, 1197
(R.I. 1994)); see also In re Abby D., 839 A.2d at 1224; Arnoldv. Rhode Island Department of Labor and Training Board ofReview, 822 A.2d 164, 168 (R.I. 2003).
The plain statutory language is the best indicator of legislative intent. Martone v. Johnston School Committee,824 A.2d 426, 431 (R.I. 2003) ("When interpreting a statute, our ultimate goal is to give effect to the General Assembly's intent. * * * The best evidence of such intent can be found in the plain language used in the statute. Thus, a clear and unambiguous statute will be literally construed."); see also Caminetti v.United States, 242 U.S. 470, 490, 37 S.Ct. 192, 61 L.Ed. 442
(1917) ("[T]he language being plain, and not leading to absurd or wholly impracticable consequences, it is the sole evidence of the ultimate legislative intent."); Hathaway v. Hathaway,52 R.I. 39, 40, 156 A. 800, 801 (1931) ("`It is an elementary proposition that courts only determine, by construction, the scope and intent of a law when the law itself is ambiguous or doubtful. If a law is plain, and within the legislative power, it declares itself, and nothing is left for interpretation.'") (quoting State v. Duggan, 15 R.I. 403, 409, 6 A. 787, 788
(1886)).
Moreover, in approaching a statute, it is axiomatic that "this Court will not broaden statutory provisions by judicial interpretation unless such interpretation is necessary and appropriate in carrying out the clear intent or defining the terms of the statute." Simeone v. Charron, 762 A.2d 442, 448-49
(R.I. 2000). State v. Santos, 870 A.2d 1029, 1032 (R.I. 2005), footnotes deleted.
[3] "Courts are required, though with occasional exception, to give deference to their own earlier judicial opinions. SeeJohnston Ambulatory Surgical Associates, Ltd. v. Nolan,755 A.2d 799, 807 (R.I. 2000). Under the doctrine of stare decisis, "courts should adopt the reasoning of earlier judicial decisions if the same points arise again in litigation." Id. State v.Werner, 865 A.2d 1049, 1056 (R.I. 2005).
[4] While Mr. Gagnon may not have shown prejudice, the State's documents fail to address another obvious query: Why did it take 23 years to indict Mr. Gagnon? The State has yet to tender a cogent explanation.