**L. S. CUPO, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 5968.**

District of Columbia Court of Appeals.

Argued Nov. 16, 1971.

Decided Jan. 6, 1972.

---

Robert M. Price, Washington, D. C., for appellant.

Leo N. Gorman, Asst. Corp. Counsel, with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and NEBEKER and REILLY, Associate Judges.

NEBEKER, Associate Judge:

This appeal arises out of an action commenced by information in the name of the District of Columbia to determine paternity which was initiated just prior to the effective date of the District of Columbia Court Reform and Criminal Procedure Act of 1970.[1] Appellant makes a jurisdictional contention based on the assertion that the Corporation Counsel had no authority to continue to prosecute the case after the effective date of the Act. He also asserts that he was denied the benefits of "discovery" as contemplated in the new domestic relations rules for the Family Division of the Superior Court.

We hold that the Corporation Counsel's authority to maintain the suit did not terminate with the effective date of the Act. The bases for this holding are (1) the congressional purpose of maintaining continuity in regard to actions pending on the effective date of the Act, and (2) the vested right of the child, for whose benefit the action was brought, to have it maintained in the name of the District of Columbia under the previous law. We also hold that the record does not support appellant's contention that he was precluded from using the "discovery" rules available to him after the effective date of the Act.

Congress in enacting the court reform legislation specifically provided for the continuation of cases that were already properly before the courts. D.C.Code 1967, § 11–921(a) (1) (Supp. IV, 1971) provides:

"[T]he Superior Court has jurisdiction of any civil action or other matter (at law or in equity) brought in the District of Columbia. Such jurisdiction shall vest in the court as follows:

(1) Beginning on the effective date of the District of Columbia Court Reorganization Act of 1970, *the court has jurisdiction of any civil action or other matter begun before such effective date* in . . . the Juvenile Court of the District of Columbia . . . ." (Emphasis added.)

The clear import of this language is that Congress intended actions pending in the

---

1. Pub.L.No.91–358, 84 Stat. 473 (1970).

Juvenile Court on February 1, 1971 (such as paternity suits) should not be terminated as of that date, but should proceed to conclusion in the appropriate division of the new Superior Court. The continuation of jurisdiction "for other matters" would contemplate a continuation of everything begun before the effective date of the Act. This would include the court's recognition of the effectiveness or validity of the information filed and the continuation of the proceedings by the parties who are now properly before the court in a contested case. 82 C.J.S. Statutes § 422 (1953). Although the nature of the paternity proceedings was changed under the Court Reform Act the intent of Congress was that suits in existence at the time of the effective date would not abate. Under the new law, the mother or child may not be represented by the Corporation Counsel unless "a public support burden has been incurred or is threatened".[2] Dismissing the Corporation Counsel as a party in a suit commenced under the old law, but where a "public support burden" might not be incurred or threatened under the new law, would have the effect of dismissing the suit and leaving the child through the mother to begin anew or demonstrate a public support burden—something not required when this action was begun.

We cannot lightly assume, absent a clear showing that Congress intended otherwise, that such a disruption in litigation was envisioned. According to appellant's contention, the child (the real party in interest) may be denied the right to have a suit maintained in his behalf as permitted by the law[3] at the time the suit was commenced. Such a result would not be consistent with the generally accepted principles of statutory construction. 82 C.J.S. Statutes § 417 (1953); 2 Sutherland, Statutory Construction § 2205 (3d ed. 1943). To retroactively deny the child the right to have the Corporation Counsel maintain a suit in his behalf would raise serious questions of ex post facto proportions under the Constitution.[4]

■ Appellant also contends that he was denied use of the new "discovery" rules applicable to paternity suits after the effective date of the Act. *See* District of Columbia v. Goode, 99 Wash.L.Rep. 1665 (D.C.Super.Ct.1971), which holds that the new discovery rules apply to paternity actions pending before the court on February 1, 1971. A reading of the record of the preliminary hearing held on February 3, 1971, indicates that the trial judge did deny appellant the opportunity to use the preliminary hearing purely as a discovery proceeding. *Cf.* Ross v. Sirica, 127 U.S.App. D.C. 10, 22, 380 F.2d 557, 569 (1967) (Burger & Tamm, JJ., separate statement). However, we do not view the actions of the trial judge as precluding the appellant's use of interrogatories or depositions as now contemplated in the new domestic relations rules.[5] Appellant did not try to avail himself of his rights under the discovery rules as they are now outlined. Accordingly, he shall not now be heard to complain in this context. The order appealed from is

Affirmed.

2. D.C.Code 1967, § 16–2341 (Supp. IV, 1971).

3. D.C.Code 1967, § 11–1583 (now superseded).

4. U.S.Const. art. I, § 9. Cf. Barrick v. District of Columbia, D.C.Mun.App., 173 A.2d 372 (1961), aff'd sub nom. Swenson v. Barrick, 112 U.S.App.D.C. 342, 302 F.2d 927 (1962).

5. SCR–Dom.Rel., Rules 26–37.