DIANA WAHLERS, APPELLEE, V. STANLEY S. FRYE, APPELLANT.

288 N. W. 2d 29

Filed January 29, 1980. No. 42570.

Charles E. Mock of Johnson & Mock, for appellant.

Daniel A. Smith of Stanek & Smith, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

HASTINGS, J.

This was an action brought by plaintiff, a resident of the state of Iowa, against defendant, a resident of Nebraska, under section 42-762 et seq., R. R. S. 1943, the Revised Uniform Reciprocal Enforcement of Support Act (RURESA), to compel defendant to pay support money for plaintiff's minor child. Defendant denied paternity and filed a motion requesting a jury trial on the issue of paternity. His motion was overruled and trial was had to the court alone, resulting in a judgment adverse to the defendant. Defendant has appealed, contending the court was in error in refusing his request for a trial by jury.

Section 42-788, R. R. S. 1943, provides in part as follows: "If the obligor asserts as a defense that he is not the father of the child for whom support is sought, and it appears to the court that the defense is not frivolous, * * * the court may adjudicate the paternity issue." There is no section of RURESA setting forth the procedure to establish paternity. However, the general statutes relating to children born out of wedlock, and in particular section 13-112,

R. R. S. 1943, had been in effect some 30 years preceding the enactment of RURESA. That specific section sets forth the procedure to establish paternity: "The method of trial shall be the same as that in other civil proceedings except that the trial shall be by the court without a jury unless a jury be requested by the alleged father."

"Statutes pertaining to the same subject matter should be construed together. Such statutes, being pari materia, must be construed as if they were one law and effect given to every provision. * * * In enacting a statute the Legislature must be presumed to have knowledge of all previous legislation upon the subject." Bass v. County of Saline, 171 Neb. 538, 106 N. W. 2d 860 (1960).

Applying the foregoing rules of statutory construction, it is clear that RURESA failed to provide for a procedure to determine paternity. Therefore, it is necessary to look to the procedure provided for in the general paternity statutes. Accordingly, we hold that where it is necessary to determine paternity in an RURESA proceeding under the provisions of section 42-788, R. R. S. 1943, the alleged father is entitled to a jury trial on that issue at his request.

Accordingly, the judgment of the District Court is reversed and the cause is remanded for a new trial in accordance with this opinion.

REVERSED AND REMANDED FOR A NEW TRIAL.

CLINTON, J., dissents.