ROBERT M. PARKER, Retired Circuit Judge.
This is a paternity case.
This paternity action was initiated on June 6, 1983, by Donna Faye Fowler against the defendant, alleging that he was the father of Haley Michelle Washington, born on April 14, 1982. After trial of the issue, the District Court of Marshall County, on January 5, 1984, found in favor of the defendant. Donna Fowler filed a notice of appeal to the circuit court on January 19, 1984, fourteen days after the district court decision. She did not demand a jury trial. Donna Fowler advised the assistant district attorney she desired to appeal the case on January 5, 1984, when the district court decision was made. The State did not file a notice of appeal although on March 19, 1984, it filed a complaint against the defendant in the circuit court.
On May 7, 1984, the circuit court dismissed the appeal, upon motion filed by the defendant, because the notice was not timely filed and because it did not appear to the circuit court that the State participated in the appeal.
Ala.Code (1975), § 26-12-8 states:
“The state of Alabama or the reputed father may appeal from any final judgment rendered under section 26-12-4 by the court in which the proceeding originated within 10 days after rendition *255 thereof by filing written notice of such appeal within said prescribed period with the clerk of the circuit court to which said appeal is taken and in the court rendering the judgment. On such appeal, the trial shall be de novo. The state or the reputed father shall have the right to demand a trial by jury for said trial de novo by filing a notice of appeal within 14 days from the date of judgment or the date of the denial of a post-trial motion, whichever is later, .
The State contends on appeal that § 26-12-8, which was repealed and replaced by the Alabama Uniform Parentage Act, Ala. Code (1975), § 26-17-1 through -21, effective May 7, 1984, is unconstitutional. The basis for this argument is the State’s interpretation of the statute as providing for a ten-day time for appeal in a non-jury action and a fourteen-day time for appeal with a jury demand.
We find no merit in the State’s constitutional contention. The legislature has the inherent power to determine the period within which an action may be brought or, in this case, an appeal may be taken, provided the time fixed is reasonable. Tyson v. Johns-Manville Sales Corporation, 399 So.2d 263 (Ala.1981). In imposing such limitations, the legislature may make distinctions between classes, provided that such distinctions are not arbitrary or unreasonable. See Tyson v. Johns-Manville Sales Corporation, 399 So.2d at 271-272; Reese v. Rankin Fite Memorial Hospital, 403 So.2d 158, 161 (Ala.1981). The State has not established that any distinction that may be made by § 26-12-8 is arbitrary and unreasonable. We express no comment as to whether or not the statute actually makes the distinction the State claims it does. Rather, we refer the parties to the Act itself, 1961 Ala.Acts 295, Section 6, which contains no fourteen-day time limitation. There appears to be a serious conflict between the Act and the codified statute.
In any event, Donna Fowler did not comply with either the ten-day or the fourteen-day time limit contained in § 26-12-8. Assuming for purposes of argument that a fourteen-day limit for appeal is allowed by § 26-12-8 if the appellant demands a jury trial, Donna Fowler was not entitled to rely upon that time period because she did not demand a jury trial. “An appeal is not a matter of vested right, but by the grace of statute, and must be perfected pursuant to the time and manner prescribed in the controlling statute, and if the requirements of such statute are not met, the appeal must be dismissed.” LeFlore v. State ex rel. Moore, 288 Ala. 310, 313, 260 So.2d 581, 583 (1972). Donna Fowler did not perfect her appeal within the time (or times) allowed by § 26-12-8. Her appeal was, therefore, correctly dismissed by the circuit court.
In view of the above, the other issues raised by the parties need not be addressed.
This case is due to be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge ROBERT M. PARKER while serving on active duty status as judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.