496 A.2d 607 (1985)
E.R.B., Appellant,
v.
J.H.F., Appellee.
J.H.F., Appellant,
v.
E.R.B., Appellee.
Nos. 83-1199, 83-1244.
District of Columbia Court of Appeals.
Argued March 8, 1985.
Decided August 12, 1985.
*608 Irena I. Karpinski, Washington, D.C., for E.R.B.
R. Kenneth Mundy, Washington, D.C., for J.H.F.
Inez Smith Reid, Corp. Counsel, and John H. Suda, Principal Deputy Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and Edward E. Schwab, Asst. Corp. Counsel, Washington, D.C., filed a brief on behalf of District of Columbia.
Before PRYOR, Chief Judge, and FERREN and BELSON, Associate Judges.
PRYOR, Chief Judge:
The issue presented in this appeal is whether the Seventh Amendment guarantees the right to trial by jury in a proceeding to establish parentage. We hold that the right to a jury trial does not attach in such an action.
In July 1981, Ms. B filed a petition on behalf of herself and her son to establish paternity and provide support, naming Mr. F as respondent. Mr. F made a timely demand for a jury trial in his answer. Ms. B then filed a motion to strike the request for a jury, which the trial court granted. Thereafter, the case was heard by the trial court on February 9 and 10, 1983. By order dated August 30, 1983, the trial court found that Mr. F is the father of Ms. B's child and directed him to make monthly child support payments. These cross-appeals followed.[1] Since the trial court properly struck Mr. Fs' jury demand, we affirm the trial court's order.

I
Paternity proceedings in the District of Columbia are governed by D.C.Code § 11-1101(11),[2] and §§ 16-2341[3]-2348[4] *609 (1981). These sections omit any reference to a jury trial right. Mr. F argues that notwithstanding the Code's silence on the question of jury trial by right, it is still possible to interpret the relevant sections as providing for a right to jury trial. He contends that a contrary interpretation would make the statute unconstitutional. This court generally will not decide a question on constitutional grounds if it may be satisfactorily resolved on statutory grounds which avoid the constitutional issue. See Pernell v. Southall Realty, 416 U.S. 363, 365, 94 S.Ct. 1723, 1724, 40 L.Ed.2d 198 (1974). Thus, we first examine the statutory posture of this case.
As a threshold matter, we acknowledge the often stated axiom that "the words of [a] statute should be construed according to their ordinary sense and with the meaning commonly attributed to them." Davis v. United States, 397 A.2d 951, 956 (D.C. 1979); see Peoples Drug Stores v. District of Columbia, 470 A.2d 751, 753 (D.C.1983) (en banc). However, because the statutory provisions applicable here are silent on a jury trial right, we proceed to examine the legislative history of these sections. See Sanker v. United States, 374 A.2d 304, 307 (D.C.1977).
Prior to 1970, the Code provided that a defendant in a paternity proceeding was entitled to trial by jury. D.C.Code § 16-2346 (1967). Under the District of Columbia Court Reform and Criminal Procedure Act of 1970 (the Act), however, the jury trial provisions in this section were removed. See Pub.L. No. 91-358, tit. I, § 121 (1970).
The legislative history of the Act does not explain why the jury trial provisions were deleted. The underlying reasons for the deletion, however, become apparent upon examination of the Act's restructuring of the entire section on paternity.
Under the old Code, paternity proceedings were quasi-criminal in nature. For example, under the old Code, only the Corporation Counsel could initiate a paternity proceeding. D.C.Code § 16-2342 (1967). Such an action was brought as a prosecution upon information. Id. Moreover, upon the filing of a complaint, a warrant for the arrest of the defendant, directed to the United States Marshal or the Metropolitan Police Department, could be issued if necessary. Id. § 16-2345. In contrast, under the present Code, a mother or child may be represented by the Corporation Counsel only where "a public support burden has been incurred or is threatened." Id. § 16-2341(a). The present Code specifically permits an "individual to file a civil action" to establish parentage. Id. § 16-2341(c). The provision allowing for issuance of an arrest warrant has been deleted.
These revisions were intended to remove all criminal trappings from the section and make these proceedings expressly civil in nature. See Cupo v. District of Columbia, 285 A.2d 696, 698 (D.C.1972); District of Columbia v. Faison, 278 A.2d 688 (D.C. 1971); Johnson v. District of Columbia, 271 A.2d 563, 564 & n. 1 (D.C.1970); 125 CONG.REC. S11995 (1970) (remarks of Sen. Hruska); H. CLARK, LAW OF DOMESTIC RELATIONS 164 (1968). Indeed, Congress indicated *610 that a "most important change" in the new law was "the provision that such proceedings shall be civil rather than quasi-criminal as is the case under existing law." H.R. REP. No. 907, 91st Cong., 2d Sess. 59, 160 (1970). We may infer from this shift that the jury trial provision, which represented a procedural safeguard for an action quasi-criminal in nature, was no longer viewed as necessary once the action became strictly civil in character.
We observe that the amendments to the section governing paternity actions were part of a comprehensive reorganization of the domestic relations and juvenile branches of the District of Columbia court system and the laws governing proceedings on family matters. Under the Act, the newly created Family Division was given exclusive jurisdiction over matters, including paternity proceedings, previously tried in the Juvenile Court of the District of Columbia and the Domestic Relations Branch of the General Sessions Court. See S.REP. No. 405, 91st Cong., 1st Sess. 24-25 (1969); Williams, District of Columbia Court Reorganization, 1970, 59 GEO.L.J. 477, 506-07, 559 (1971). Significantly, Super.Ct. Dom.Rel.R. 38, which had expressly established a jury trial right in all domestic relations cases, was deleted from the Rules. Thus, the Act apparently contemplated that all actions in the newly created Family Division would be tried to the court and not to a jury.
In sum, the Act was intended to delete the previously existing statutory right to a jury trial in paternity actions and to provide for such actions to be decided by the court. Accordingly, we must determine whether the statutory elimination of jury trials in paternity actions is violative of the Seventh Amendment to the Constitution.

II
The Seventh Amendment[5] provides:
In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved. . . .[6]
Proceedings to determine paternity were generally unknown to the common law. See S. SCHATKIN, DISPUTED PATERNITY PROCEEDINGS § 15.01, at 15-2 (1984). Thus, Ms. P argues that Mr. F's claims must fail because the Seventh Amendment only preserves the right to jury trial where it existed at common law, when the Constitution was adopted. Under such a literal interpretation, the Seventh Amendment is inapplicable to new causes of action, based on legislative enactments, which did not exist at common law.[7] In Curtis v. Loether, 415 U.S. 189, 193-94, 94 S.Ct. 1005, 1007-08, 39 L.Ed.2d 260 (1974), however, *611 the Supreme Court expressly rejected such a narrow approach. According to the Court, the Seventh Amendment does apply to actions enforcing statutory rights unheard of at common law, and requires a jury trial upon demand, "if the statute creates legal rights and remedies, enforceable in an action." Id., see also Pernell v. Southall Realty, supra, 416 U.S. at 374-75, 94 S.Ct. at 1729-30; Federal Deposit Insurance Corp. v. New London Enterprises, 619 F.2d 1099 (5th Cir.1980). The better approach for resolving a Seventh Amendment question is to determine "the nature of the issue to be tried rather than the character of the overall action." Ross v. Bernhard, 396 U.S. 531, 538, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1971) (footnote omitted); see Carithers v. District of Columbia, 326 A.2d 798, 800 (D.C.1974). The Court has suggested that the nature of an issue is determined by considering "first the pre-merger custom with reference to such questions; second, the remedy sought; and, third, the practical abilities and limitations of juries." Ross v. Bernhard, supra, 396 U.S. at 538 n. 10, 90 S.Ct. at 738 n. 10; see also Dawson v. Contractor Transport Corp., 151 U.S. App.D.C. 401, 405, 467 F.2d 727, 731-32 (1972). It is helpful to examine the issue's nearest historical analogue. See Parsons v. Bedford, Breedlove, & Dobeson, 28 U.S. (3 Pet.) 433, 447, 7 L.Ed. 732 (1830).
In sum, where the issue in dispute is legal in nature a constitutional right to trial by jury attaches; where the issue, however, is equitable in nature there is no constitutional right to a jury trial. See 9 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2302, at 15 (1978). We, thus, must determine whether paternity actions are legal or equitable in nature, bearing in mind that the line distinguishing legal from equitable issues is often difficult to "define with precision." Ross v. Bernhard, supra, 396 U.S. at 533, 90 S.Ct. at 735.

III
As stated previously, the common law generally afforded no remedy to compel a putative father to acknowledge parenthood or contribute to the support of his children born out of wedlock. See Comish v. Smith, supra, 97 Idaho at 92, 540 P.2d at 277; S. SCHATKIN, supra, § 15.01, at 15-2. Early laws concerning paternity proceedings were passed in order to force fathers to support their offspring born out of wedlock, and thus relieve the community from its burden of supporting the children. See H. CLARK, supra, at 162; S. SCHATKIN, supra, § 15.03, at 15-6; see also Department of Social Services v. Thomas J.S., 100 A.D.2d 119, 129-131, 474 N.Y.S.2d 322, 330 (1984).
Today, paternity proceedings are designed to protect the welfare of the child. Their primary purpose, however, is still to provide financial support for the child. See Johnson v. District of Columbia, supra, 271 A.2d at 564; Perry v. District of Columbia, 212 A.2d 339, 340 (D.C.1965); S. SCHATKIN, supra, § 15.03, at 15-6; Note, The Nature of Paternity Actions, 19 J. FAM. L. 475, 494 (1981). As this court noted in District of Columbia ex rel. W.J.D. v. E.M., 467 A.2d 457, 465 (D.C. 1983), "[t]he strength of the District of Columbia's interest in this regard is illustrated by the fact that our courts may disregard the terms of a voluntary support agreement that does not adequately provide for the needs and welfare of the child or children involved." In that the primary object of the proceedings is not to determine the status of the putative father but rather to provide support for the health, welfare, and education of the child, Perry v. District of Columbia, supra, 212 A.2d at 339, these actions' closest historical analogue are ordinary child support proceedings.
Historically, child support proceedings have been considered actions equitable and not legal in nature.[8]See, e.g., Reynolds v. *612 Reynolds, 86 Cal.App.3d 732, 734, 150 Cal. Rptr. 423, 425 (1978); State v. Cahill, 443 A.2d 497, 499 (Del.1982); McElroy v. McElroy, 252 Ga. 553, 554, 314 S.E.2d 893, 895 (1984); Kennedy v. Kennedy, 55 Md.App. 299, 309, 462 A.2d 1208, 1215 (1983). This is because the determination of the amount of money to be awarded as child support, like the resolution of most family matters, is controlled by no fixed standards. Thus, it has been left to the sound discretion of the trial court, and not the jury. See, e.g., In re Lambert, 86 A.2d 411, 412 (D.C.1952), aff'd, 92 U.S.App.D.C. 104, 203 F.2d 607 (1953) (cases involving custody of children traditionally heard and determined by chancellor or judge exercising equity jurisdiction); cf. Hackes v. Hackes, 446 A.2d 396 (D.C.1982) (cases involving distribution of marital property are equitable determinations which rest in broad discretion of trial court); accord Mumma v. Mumma, 280 A.2d 73 (D.C.1971). In In re Lambert, supra, we underscored the rationale for committing these types of decisions to the trial court's discretion:
Problems presented in cases involving custody and welfare of children are usually of a complicated and difficult nature. The welfare of the child is paramount but the rights of the parents cannot be ignored. Each case must be decided on its own peculiar facts. There are only general principles, and no specific rules, to aid in reaching a decision. Such cases are not ordinarily submitted to a jury for determination. . . .
Id., 86 A.2d at 413.
It is well established that a court must weigh the equities in cases of this nature before entering any support decree. According to the accepted formula, the best interests or needs of the child are balanced against the parents' ability to pay, in determining the level of support. See, e.g., Moore v. Moore, 391 A.2d 762 (D.C. 1978); Russell v. Russell, 202 A.2d 921, 922 (D.C. 1964); Schneider v. Schneider, 78 U.S. App.D.C. 383, 385, 141 F.2d 542, 544 (1944); cf. Bazemore v. Davis, 394 A.2d 1377, 1379 (D.C.1978) (en banc) (custody proceedings). Moreover, these awards are usually modifiable on a showing of changed circumstances. See, e.g., Tennyson v. Tennyson, 381 A.2d 264, 266 (D.C.1977); Smith v. Smith, 344 A.2d 221, 223 (D.C.1975); Brown v. Brown, 260 A.2d 675, 676 (D.C.1970); D.C. Code § 16-914 (1981). As such, child support awards are totally unlike an award of damages in a legal action.[9]
The trial court considers all these same factors in fixing a child support award in the context of a paternity proceeding. See S. SCHATKIN, supra, § 15.03. We conclude, therefore, that insofar as the central purpose of paternity proceedings under the present Code is to provide financial support for the child, these actions are equitable in nature.[10]See, e.g., District of Columbia ex rel. W.J.D. v. E.M., supra, *613 467 A.2d at 465; see also Uniform Parentage Act § 14[(d)] & Comment (1973) (Act does not provide for a right to a jury trial in a paternity suit because, inter alia, the use of a jury is not desirable in the emotional atmosphere of cases of this nature).
As previously stated, the Seventh Amendment right to a jury trial is not available in actions at equity. Thus, we hold that the trial court did not err in denying appellant's request for a jury trial.[11]
Affirmed.
NOTES
[1] Ms. B's cross-appeal urges us to find error in the trial court's refusal to admit the results of a human leukocyte antigen (HLA) test into evidence. In light of her success on the merits of this case, we cannot see how Ms. B was injured by the trial court's ruling. Accordingly, we need not reach this issue. We note, however, that decisions of this court, subsequent to the resolution of the instant case, have held that HLA test results are admissible in an action to determine paternity. Cutchember v. Payne, 466 A.2d 1240, 1241 (D.C.1983); L.C.D. v. District of Columbia ex rel. T.-A.H.D., 488 A.2d 918, 920 (D.C.1985).
[2] Section 11-1101(11) provides:

The Family Division of the Superior Court shall be assigned, in accordance with chapter 9, exclusive jurisdiction of 
* * * * * *
proceedings to determine paternity of any child born out of wedlock[.]
[3] Section 16-2341 provides in pertinent part:

(a) Where a public support burden has been incurred or is threatened, the Corporation Counsel, or any of his assistants, shall bring a civil action in the Family Division on behalf of any spouse or child to enforce support of such spouse or child.
* * * * * *
(c) Nothing in this section shall be construed to interfere with the right of an individual to file a civil action over which the Division has jurisdiction under the paragraphs of section 11-1101 referred to in subsection (b).
[4] Section 16-2342 governs the time for bringing a complaint; section 16-2343 governs the use of blood tests in paternity proceedings; section 16-2344 allows the trial court, within its discretion, to exclude the public from paternity proceedings; section 16-2345 provides that a new birth record shall be issued upon marriage of previously unwed parents or the determination of natural parents; section 16-2346 governs reports to the Director of Public Health; section 16-2347 governs the liability of the respondent's estate in the event the respondent dies after parentage has been established and prior to the child reaching the age of majority; section 16-2348 stipulates that parentage records shall be kept confidential.
[5] As stated above, paternity proceedings in the District of Columbia are civil and not criminal or quasi-criminal in nature. As such, we reject appellant's argument that he has a Sixth Amendment right to jury trial and examine Mr. Fs' claim only in terms of the Seventh Amendment.
[6] The Seventh Amendment, while not incorporated to the States through the Fourteenth Amendment, is, like other provisions of the Bill of Rights, fully applicable to courts established by Congress in the District of Columbia. Pernell v. Southall Realty, supra, 416 U.S. at 370, 94 S.Ct. at 1727; Capital Traction Co. v. Hof, 174 U.S. 1, 5, 19 S.Ct. 580, 582, 43 L.Ed. 873 (1899).
[7] A number of courts have considered whether there is a right to a jury trial in paternity actions, pursuant to their respective state constitutions, and have held that there is no such right because a cause of action to establish paternity was not recognized at common law when their state constitutions were adopted. See, e.g., Robertson v. Apuzzo, 170 Conn. 367, 365 A.2d 824, cert. denied, 429 U.S. 852, 97 S.Ct. 142, 50 L.Ed.2d 126 (1976); Comish v. Smith, 97 Idaho 89, 540 P.2d 274 (1975); Clark v. Brown, 121 Ill.App.2d 280, 257 N.E.2d 565 (1970); State ex rel. Bishop v. Travis, 306 N.W.2d 733, 734 (Iowa), appeal dismissed, 454 U.S. 1026, 102 S.Ct. 560, 70 L.Ed.2d 470 (1981); In re C.L.A., 685 P.2d 931, 933-34 (Mont.1984); Smeido v. Jansons, 23 A.D.2d 796, 259 N.Y.S.2d 169 (1965); Annot., 94 A.L.R.2d 1128 (1964 & Supp.1983); cf. Smith v. Bailen, 258 N.W.2d 118 (Minn.1977) (right to jury trial in paternity action does attach because such a right existed at time state constitution was adopted).

Because the Seventh Amendment does not apply to the States, see supra note 6, these courts have not had to consider the Seventh Amendment issue presented in this appeal.
[8] In Arkansas, Delaware, Mississippi, New Jersey, and Tennessee, states which still maintain separate courts of chancery and courts of law, child custody and support proceedings are committed to the jurisdiction of the chancery court. South Carolina also has a separate court of chancery and court of law, but tries cases involving child support to its Family Court, where there is no right to a jury trial. See 30 C.J.S. Equity § 5, at 783-85 (1965 & Supp.1984); WANT'S FEDERAL STATE COURT DIRECTORY 70, 74, 88, 92, 98, 111 (1985).
[9] A number of courts have held that, under the Uniform Reciprocal Enforcement of Support Act, adopted by the District of Columbia and all fifty states, there is no right to a jury trial in the determination of a child support decree. See, e.g., McConnell v. Schmidt, 234 Pa.Super. 400, 339 A.2d 578 (1975); Strange v. Strange, 222 Ga. 44, 148 S.E.2d 494 (1966). But see Wahlers v. Frye, 205 Neb. 399, 288 N.W.2d 29 (1980); Clarkston v. Bridge, 273 Or. 68, 539 P.2d 1094 (1975).
[10] We acknowledge that while the essential function of a paternity action is not to establish a parent-child relationship, it is possible under the present Code to bring a purely non-support paternity action. Such an action would simply adjudicate the status of the respondent as parent. We can find no clear historical analogue for a determination of this nature. Because the instant action is one for support, this question is not directly presented, however, we do not believe that the determination of an individual's status as a parent is a legal action raising a Seventh Amendment right to jury trial.
[11] Mr. F also challenges the provision in the trial court's order postponing a decision on whether or not to award Ms. B attorney's fees, until the court could determine whether or not Mr. F's would comply with the ordered support payments. The decision whether, and in what manner, to award attorney's fees to the mother following judgment in a paternity proceeding is within the discretion of the trial court. See Paine v. Paine, 267 A.2d 356 (D.C.1970); McGehee v. Maxfield, 256 A.2d 576 (D.C.1969). Upon review, we do not find that the trial court abused its discretion in entering this provision.