THIGPEN, Judge.
This began as a paternity action. L.F.B., the appellant, as administrator of the estate of R.V.M., deceased, filed a petition under the Uniform Parentage Act, seeking a declaration that R.V.M. was not the father of K.M.M. K.M.M.’s guardian ad li-tem, Phillip J. Sarris, filed a motion for summary judgment on her behalf. The trial court held that a personal representative has no statutory authority to bring such a paternity action, and granted the motion for summary judgment. From this ruling, L.F.B. appeals.
Pursuant to Rule 28(A)(1)(b), A.R.J.P., the parties to this action stipulated that the single issue in this appeal is one of standing: does the personal representative of the estate of a presumed father have the right to file a petition under the Uniform Parentage Act (Ala.Code 1975, § 26-17-6) to determine paternity? Given the narrow scope of our inquiry, we pretermit a more detailed discussion of the facts of this case.
*1179 Pertinent provisions of the Uniform Parentage Act are as follows:
“§ 26-17-6. Action to determine father and child relationship; who may bring action; when action may be brought; stay until birth; adopted children.
“(a) A child, a child’s natural mother, or a man presumed to be its father under subdivision (1), (2), or (3) of section 26-17-5(a), may bring an action within five years of the birth of said child for the purpose of declaring the existence of the father and child relationship presumed under subdivision (1), (2), or (3) of section 26-17-5(a); or
“(b) Any interested party may bring an action at any time for the purpose of determining the existence or non-existence of the father and child relationship presumed under subdivision (4) or (5) of section 26-17-5(a).”
Subdivisions (4) and (5) of section 26 — 17— 5(a) provide:
“(a) A man is presumed to be the natural father of a child if:
[[Image here]]
“(4) While the child is under the age of majority, he receives the child into his home or otherwise openly holds out the child as his natural child; or
“(5) He acknowledges his paternity of the child in a writing filed in accordance with provisions of the legitimation statute.”
We cannot accept L.F.B.’s argument that it is incorrect to focus on the wording of § 27-17-6 to determine who is authorized to bring a paternity action under the Uniform Parentage Act. Section 26-17-6(a) clearly and specifically enumerates who is allowed to bring such an action when there is a presumption of paternity (“A child, a child’s natural mother, or a man presumed to be its father ... ”) and, in subdivision (c) of the same section, provides that just such an action may be brought by a personal representative of the alleged father of a child who has no presumed father under § 26-17-5. Under the rules of statutory construction, we must ascertain and effectuate the intent of the legislature. When a statute is not ambiguous or unclear, we are not authorized to indulge in conjecture regarding the legislative intent or to look to the consequences of the interpretation of the law as written. Ex parte Presse, 554 So.2d 406 (Ala.1989).
The legislature could hardly be more clear in addressing when a personal representative for the father may bring an action to determine the father and child relationship, that is, when there is no presumed paternity, which is not the case here. The legislature explicitly chose not to grant standing to a personal representative when there is a presumption of paternity.
For the reasons - stated above, we hold that the trial court ruled correctly that L.F.B. may not bring an action to declare that the deceased, R.V.M., the presumed father of K.M.M., is not her natural father. Therefore, the judgment of the trial court is due to be affirmed.
AFFIRMED.
RUSSELL, J., concurs.
ROBERTSON, P.J., dissents.