599 So.2d 1179 (1992)
Ex parte L.F.B., as Executor of the Estate of R.V.M., Deceased.
(Re L.F.B., executor of the Estate of R.V.M., deceased v. K.M.M., a minor, By and Through her guardian ad litem, Phillip J. Sarris.)
1901785.
Supreme Court of Alabama.
January 10, 1992.
Rehearing Denied March 6, 1992.
*1180 D. Leon Ashford and Bruce J. McKee of Hare, Wynn, Newell & Newton, Birmingham, for petitioner.
Phillip J. Sarris, Birmingham, for respondent.
STEAGALL, Justice.
We issued the writ of certiorari in this case to review the Court of Civil Appeals' judgment affirming the juvenile court's holding that a personal representative of the estate of a presumed father has no standing to bring a paternity action under the Uniform Parentage Act. 599 So.2d 1178.
R.V.M. and J.B.M. were married on March 2, 1982. In April 1982, J.B.M. learned that she was pregnant and, on December 25, 1982, she gave birth to K.M.M. Prior to K.M.M.'s birth, R.V.M. and J.B.M. separated, and R.V.M. filed for divorce, alleging that J.B.M. had been pregnant at the time of their marriage through the agency of another. Although a laboratory test done in November 1982 revealed that R.V.M. was sterile, he was listed as K.M.M.'s father on her birth certificate. During the divorce proceedings, however, R.V.M. and J.B.M. agreed that R.V.M. was not the father of K.M.M. and, on February 25, 1983, the divorce was granted. The trial court determined that R.V.M. would have no visitation rights and no obligation to support K.M.M.; K.M.M. was not made a party to the divorce proceedings and was not represented by a guardian ad litem during those divorce proceedings.
R.V.M. was killed in an automobile accident on September 12, 1986, and L.F.B. was appointed executor of R.V.M.'s estate. R.V.M. left his entire estate to his child from a previous marriage. On February 18, 1987, a claim was filed in the probate court on behalf of K.M.M., asserting that R.V.M. was her father and that she was, therefore, entitled to any statutory exemptions and to one-half of any wrongful death proceeds recovered as a result of R.V.M.'s death. The probate court concluded that R.V.M. was not K.M.M.'s father and that K.M.M. was, therefore, not entitled to any statutory exemptions.
On appeal by K.M.M., by and through her guardian ad litem, this Court, in Ex parte Martin, 565 So.2d 1 (Ala.1989), held that the divorce judgment did not destroy the usual presumption in a paternity case that a child born to a married woman is the child of the mother's husband; that the divorce judgment is not binding on K.M.M., because she was not joined as a party or represented by a guardian ad litem; and that the probate court was not the proper forum for a paternity determination.[1] We *1181 remanded the case for a hearing in the juvenile court on the paternity issue.
On October 22, 1990, L.F.B., as personal representative of the estate of R.V.M., petitioned the juvenile court, pursuant to the Uniform Parentage Act, for a declaration that R.V.M. was not the father of K.M.M. The juvenile court entered a summary judgment for K.M.M., and the Court of Civil Appeals affirmed.
The personal representative contends that a paternity action is equitable in nature and, therefore, that a paternity cause of action under the Uniform Parentage Act survives the death of a presumed father, giving the personal representative of the estate of a presumed father standing to bring the paternity action. K.M.M. contends that paternity actions are legal, not equitable, in nature and that courts should strictly construe the language of the Uniform Parentage act, which does not specifically allow a personal representative of the estate of a presumed father to bring a paternity action.
The precise issue of whether paternity actions are legal or equitable in nature has not been addressed by this Court. In E.R.B. v. J.H.F., 496 A.2d 607, 612 (D.C.App.1985), the court of appeals held that a paternity action is equitable in nature and that there is no constitutional right to a jury trial in such proceedings. Specifically, that court stated that "insofar as the central purpose of paternity proceedings under the present Code is to provide financial support for the child, these actions are equitable in nature" and, in a footnote, that court wrote:
"We acknowledge that while the essential function of a paternity action is not to establish a parent-child relationship, it is possible under the present Code to bring a purely non-support paternity action. Such an action would simply adjudicate the status of the respondent as parent. We can find no clear historical analogue for a determination of this nature. Because the instant action is one for support, this question is not directly presented; however, we do not believe that the determination of an individual's status as a parent is a legal action raising a Seventh Amendment right to jury trial."
496 A.2d at 612, n. 10.
Some jurisdictions, including Alabama, have recognized that parties to paternity actions have a right to a jury trial pursuant to paternity statutes. State v. Washington, 467 So.2d 253 (Ala.Civ.App.1985); Annot., 51 A.L.R.4th 565. Alabama's Uniform Parentage Act, for example, provides that either party to a paternity action may appeal from a final judgment rendered in the juvenile or family court to the circuit court for a trial de novo and for a jury trial. Ala.Code 1975, § 26-17-20. However, the fact that Alabama's legislature has created this right to jury trial in paternity cases does not in itself signify that paternity actions are legal in nature.
In Williams v. State, 504 So.2d 282 (Ala. Civ.App.1986), the Court of Civil Appeals, citing Perez v. Singh, 21 Cal.App.3d 870, 97 Cal.Rptr. 920 (1971), stated that a paternity action raises legal, not equitable, issues;[2] however, construing Alabama's Uniform Parentage Act, we feel that the better view would be that adopted by the District of Columbia Court of Appeals in E.R.B. v. J.H.F., supra. An action brought under the Uniform Parentage Act is an equitable action, and the right to a jury trial thereunder is purely a statutory creation of the legislature. As a general rule, the right to a jury trial attaches to legal issues only; by providing a right to a jury trial in paternity cases, the legislature has created an exception to this rule.
In Ex parte Martin, supra, this Court held that R.V.M. was presumed to be the father of K.M.M. Under Ala.Code 1975, § 26-17-6, the child, the child's mother, or the presumed father has standing to bring a paternity action. Section 6-5-464(b) provides:

*1182 "All claims equitable in nature upon which no action has been filed shall survive in favor of and against the personal representatives, heirs or successors of deceased persons who, but for their death, could have enforced such claims or against whom such claims could have been enforced."
Because a paternity claim is equitable in nature and because R.V.M. could have brought a paternity action but for his death, this Court concludes that the claim survives R.V.M.'s death and that the personal representative has standing to bring the paternity action.
We reverse the judgment of the Court of Civil Appeals and remand this cause for action consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX,[3] SHORES, ADAMS, HOUSTON and INGRAM, JJ., concur.
NOTES
[1] This Court, in Ex parte Martin, 565 So.2d at 3, held:

"At the time of their divorce, [the husband and wife] could have prevented the possibility that [the child] might later raise the issue of her paternity by joining her as a party to the divorce. Then, she would have been represented by a guardian ad litem and any determination of paternity would have been binding upon her as well as upon the [husband and wife]."
Therefore, Ex parte Martin does not hold that paternity must be established exclusively under the Uniform Parentage Act, Ala.Code 1975, §§ 26-17-1 through -21. To the extent that Ex parte Martin can be construed to hold that paternity must be established exclusively under the Uniform Parentage Act, it is hereby clarified.
[2] The issue in Williams v. State was whether the plaintiff's action was barred by the equitable defense of laches.
[3] Although Justice Maddox did not attend oral argument, he has listened to the tape of oral argument and has studied the record.