2002 WY 130

**In the Matter of the ESTATE OF Harold S. CHEEK, Jr., Deceased.**

**John Cheek, Appellant (Petitioner),**

v.

**Martha Zerbe and David Zerbe, Personal Representatives of the Estate of Harold S. Cheek, Jr., Appellees (Respondents).**

No. 02–30.

Supreme Court of Wyoming.

Sept. 4, 2002.

---

Jerry A. Yaap of Bishop, Bishop & Yaap, Casper, Wyoming, Representing Appellant.

James Richard McCarty of McCarty Law Office, Lahaina, HI; Donald R. Winship of Winship & Winship, Casper, Wyoming, Representing Appellee.

Before HILL, C.J., and GOLDEN, LEHMAN *, KITE, and VOIGT, JJ.

GOLDEN, Justice.

[¶ 1] John Cheek appeals from a verdict issued after a bench trial denying several petitions protesting various aspects of the probate of an estate. One petition specifically sought to prove a lost will. Finding no

* Chief Justice at time of expedited conference.

grounds to support his alleged errors, we affirm.

## ISSUES

[¶ 2] Appellant presents two issues for our review:

A. Whether Appellant was entitled to a jury trial?

B. Whether the trial court erred in finding that appellant failed to meet the requirements of W.S. § 2–6–207 in establishing a lost will?

Appellees accept this characterization of the issues.

## FACTS

[¶ 3] Harold Cheek, Jr., died in 1999. John Cheek is Harold's brother and sole heir at law. After Harold's death, Martha and David Zerbe introduced a will for probate dated 1996 naming them as primary heirs and executors. John Cheek claims that Harold gave him a will dated 1998. Mr. Cheek alleges that he briefly looked over the will when Harold gave it to him and noted that it made him the sole heir and executor of the estate. Mr. Cheek then put the will away someplace and cannot now find it.

[¶ 4] The will dated 1996 was presented by the Zerbes and was admitted for probate. Mr. Cheek filed a Petition to Revoke Probate, Petition to Restrain Personal Representatives, Motion to Stay Further Actions of Executor, Petition for Removal of Personal Representative for Waste and Embezzlement, Petition to Prove Last Will and Testament as Lost, and a Request for Jury Trial. The Request for Jury Trial was stricken upon motion of the Zerbes. The Petition to Restrain Personal Representative and the Motion to Stay Further Actions of Executor were denied after hearing. All other petition demands were denied after a bench trial.

## DISCUSSION

[¶ 5] As his first issue on appeal, Mr. Cheek argues that the trial court erred in striking his request for a jury trial. Mr. Cheek argues that he was entitled to a jury

trial as a matter of law; therefore, our review is de novo. *Arch of Wyoming, Inc. v. Sisneros*, 971 P.2d 981, 983 (Wyo.1999) ("We review issues of law de novo.")

■ [¶ 6] Mr. Cheek first invokes the Seventh Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment to the United States Constitution.[1] The problem with this argument is that the Seventh Amendment to the United States Constitution was not incorporated into the Fourteenth Amendment and is not applicable to state court proceedings. "A trial by jury in suits at common law pending in the State courts is not ... a privilege or immunity of national citizenship, which the States are forbidden by the Fourteenth Amendment to abridge." *Walker v. Sauvinet*, 92 U.S. 90, 92, 23 L.Ed. 678 (1875). *See also In re Adoption of KJD*, 2002 WY 26, ¶ 23, 41 P.3d 522, 528 (Wyo.2002); *Matter of GP*, 679 P.2d 976, 988 (Wyo.1984).

■ [¶ 7] Mr. Cheek next attempts to invoke W.R.C.P. 38 in support of his argument that he is entitled to a jury trial. W.R.C.P. 38(a) states:

> Issues of law must be tried by the court, unless referred as hereinafter provided; and issues of fact arising in actions for the recovery of money only, or specific real or personal property, shall be tried by a jury unless a jury trial be waived, or a reference be ordered. All other issues of fact shall be tried by the court, subject to its power to order any issue to be tried by a jury, or referred.

Mr. Cheek presents a very simple argument. He argues that, essentially, his action is focused on gaining the personal and real property of his deceased brother; the action is therefore an action for "specific real or personal property" within the terms of W.R.C.P. 38(a) and therefore "shall be tried to a jury."

[¶ 8] Unfortunately for Mr. Cheek, his argument skips a critical step. In order to achieve his goals, he either had to get the will that already had been admitted to probate set aside, as he requested in his Petition to Revoke Probate, or he had to prove a lost will that superseded the will admitted to probate, as he requested in this Petition to Prove Last Will and Testament as Lost. Those, along with a petition to remove the personal representative, were the issues before the district court and for which Mr. Cheek sought a trial by jury. There were no "actions for the recovery of money only, or specific real or personal property" and so W.R.C.P. 38 simply does not apply.

■ [¶ 9] Mr. Cheek's final argument essentially is that he is entitled to a jury trial under common law. A right to a jury trial, even under the federal constitution, is preserved only as it existed at common law. 50A C.J.S. *Juries* § 8 (1997). At common law, a right to a jury trial is recognized in cases triable at law, while there is no right to a jury trial in cases in equity. *See generally Davidek v. Wyoming Inv. Co.*, 77 Wyo. 141, 154–55, 308 P.2d 941, 946 (1957). This remains the general rule in Wyoming. *Hyatt Bros., Inc. ex rel. Hyatt v. Hyatt*, 769 P.2d 329, 333 (Wyo.1989) ("[U]nder W.R.C.P. 38, *purely* equitable actions remained triable by the trial court unless it ordered an issue tried to a jury."); *True v. Hi–Plains Elevator Machinery, Inc.*, 577 P.2d 991, 1003 (Wyo. 1978) ("The adoption of [W.R.C.P. 38], however, does not alter the long-established precept that cases purely equitable in character are triable by the court."); *Lellman v. Mills*, 15 Wyo. 149, 176, 87 P. 985, 994 (1906) ("The case at bar is one of equitable cognizance, in which a jury was not demandable as a matter or right.").

■ [¶ 10] Mr. Cheek argues that because he is seeking the recovery of real and

---

1. The Seventh Amendment of the United States Constitution reads as follows:
   In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.

The Fourteenth Amendment of the United States Constitution reads, in pertinent part:
   No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

personal property, his is an action at law and therefore he is entitled to a jury trial. Again, the critical flaw in Mr. Cheek's argument is that he mischaracterizes his petitions. His petitions were all petitions in a probate proceeding. He did not have any direct action for the recovery of real or personal property. Once set in the proper context—that of a probate proceeding—it is clear that Mr. Cheek is not entitled to a trial by jury.

[¶ 11] Probate proceedings are not proceedings at law or in equity but rather are unique proceedings. "[U]nder our codes probate proceedings are entirely separate and distinct from actions either at law or in equity." *Gaunt v. Kansas University Endowment Ass'n of Lawrence, Kan.*, 379 P.2d 825, 826 (Wyo.1963). The general rule regarding the right to jury trials in probate proceedings is as follows:

> The right to demand a trial by jury in decedent estate administration proceedings was not given by the common law, and is not within a general constitutional guaranty, but exists only when, and to the extent that, it is conferred by statute. Thus, in probate proceedings, there is no constitutional right to jury trial.

50A C.J.S. *Juries* § 110 (1997) (footnotes omitted). More specifically:

> A general constitutional guaranty of the right to a trial by jury does not ordinarily extend to proceedings for the probate or the revocation of the probate of wills, since such proceedings are special in character, belonging at common law to ecclesiastical jurisdiction. Thus, there is no constitutional right to jury trial in a will contest proceeding in probate court or a court of general jurisdiction, and there is generally no right to jury trial in a proceeding for the probate of a will or a will contest proceeding.

*Id.* at § 111 (footnotes omitted). In short, probate proceedings were unknown under the common law. Therefore, the common

law does not provide for the right to a trial by jury in such proceedings.[2]

[¶ 12] We have been given no applicable argument why a jury trial was demandable as of right under the specific facts and circumstances of this case. As such, the trial court had the authority to strike Mr. Cheek's request for a jury trial.

[¶ 13] Mr. Cheek's second issue concerns the sufficiency of the evidence supporting the trial court's denial of his attempt to prove a lost will. Our standard for reviewing the sufficiency of the evidence underlying trial court findings involves examining only the evidence in the record that is favorable to the prevailing party, giving that evidence every favorable inference. *Daley v. Wenzel*, 2001 WY 80, ¶ 24, 30 P.3d 547, 553 (Wyo.2001). We will not substitute our judgment for the trial court's findings and judgment of the facts unless they are clearly erroneous or contrary to the great weight of the evidence. *Ruby Drilling Co., Inc. v. Ratcliff*, 994 P.2d 931, 933 (Wyo.1999).

[¶ 14] A lost will must be proven according to the terms of Wyo. Stat. Ann. § 2–6–207 (LexisNexis 2001) as follows:

> **§ 2–6–207. Proof; lost or destroyed will; court may restrain personal representatives pending disposition.**
>
> (a) Whenever any will is lost or destroyed, the district court shall take proof of the execution and validity thereof to establish the same. All the testimony shall be reduced to writing and signed by the witnesses.
>
> (b) No will shall be proved as a lost or destroyed will unless it is proved to have been in existence at the time of death of the testator, or is shown to have been fraudulently destroyed in the lifetime of the testator, nor unless its provisions are clearly and distinctly proved by at least two (2) credible witnesses.
>
> (c) When a lost will is established, the provisions thereof shall be distinctly stated

---

**2.** In Wyoming, we have recognized that "[p]roceedings for disproving or contesting a will were unknown to the common law. The right of contest is a creature of statute and a contestant has such rights and only such rights as the law gives him." *Gaunt*, 379 P.2d at 826. Mr. Cheek makes no argument that any provision within the Wyoming Probate Code guarantees him the right to a jury trial, so we will not review that general issue.

and certified by the judge, under his hand and the seal of the court, and the certificate shall be filed and recorded as other wills are filed and recorded, and letters testamentary or of administration with the will annexed, shall be issued thereon in the same manner as upon wills produced and duly proved.

(d) If before or during the pendency of an application to prove a lost or destroyed will, letters of administration are granted on the estate of the testator or letters testamentary of any previous will of the testator are granted, the court may restrain the personal representatives so appointed from any acts or proceedings which would be injurious to the legatees or devisees claiming under the lost or destroyed will.

Mr. Cheek presents several arguments as to how the evidence he presented complies with the statutory requirements. We, however, need not look beyond one particular evidentiary requirement—the requirement under subsection (a) that the execution and validity of the will be proven.

[¶ 15] In the case sub judice, we need not concern ourselves with the exact requirements of the statute because absolutely no evidence was presented that even potentially supports a conclusion that the purported 1998 will was properly executed. While several witnesses testified to either having seen the will or having heard Harold Cheek, Jr., mention the will, no witness testified regarding the valid execution of the will. Mr. Cheek specifically testified that he did not know where the will was executed. No witness had any knowledge concerning the execution of the purported 1998 will.

[¶ 16] The only testimony remotely concerning the validity of the will came from Mr. Cheek and one other witness. Both witnesses testified that they saw the will and checked the signature page and recognized the signature of Harold Cheek, Jr. The one witness, an office assistant of Mr. Cheek, testified she saw "other names on the last page" and that there were notaries on the will. Mr. Cheek testified that "there were witnesses" and "there was a notary." This information is woefully short of proving the valid execution of the purported will under any standard. Given the state of the evidence on the issue of execution, the trial court did not err in ruling that Mr. Cheek failed to prove the existence of a valid will that was lost.

## CONCLUSION

[¶ 17] The trial court did not err in striking Mr. Cheek's request for a jury trial. With regard to proving a lost will, no evidence was presented supporting the existence of a validly executed will dated 1998. The petition to prove a lost will was properly denied.

[¶ 18] Affirmed.