820 A.2d 535 (2003)
In re: ESTATE OF Margrete I. JOHNSON.
Oliver Wilson, Appellant,
v.
James Wilson, et al., Appellees.
No. 02-PR-394.
District of Columbia Court of Appeals.
Argued January 7, 2003.
Decided March 27, 2003.
*536 Patrick G. Merkle for appellant.
Kimberly K. Edley for appellee.
Before RUIZ, GLICKMAN and WASHINGTON, Associate Judges.
WASHINGTON, Associate Judge:
In this case, we are asked to decide whether under either the U.S. Constitution or the D.C.Code there is a right to a jury trial in a will contest. The trial court concluded that there was not, and we agree.

I.
This case involves a dispute between two brothers, Mr. Oliver Wilson and Mr. James Wilson, over the administration of the estate of their aunt, Ms. Margrete Johnson. Following Ms. Johnson's death, James Wilson and his wife, Carolyn Wilson, were appointed co-personal representatives *537 of the Johnson estate. Shortly after their appointment, James and Carolyn filed a lawsuit on behalf of the estate against Oliver. James and Carolyn sought to recover $87,000 that had been transferred from a joint account held in both Oliver and Ms. Johnson's names shortly before Ms. Johnson's death. Oliver counterclaimed, challenging the validity of Ms. Johnson's will by alleging fraud, undue influence, and fraudulent inducement. In his counterclaim, Oliver demanded a jury trial.
Prior to trial, summary judgment was entered in favor of James and Carolyn on their claim. Thus, the only issue to be decided during the trial was the validity of the will. On September 21, 2001, the Honorable José López concluded that there was no right to a jury trial in a will contest and proceeded to conduct a bench trial. At the conclusion of the trial, Judge López ruled in favor of the plaintiffs, concluding that the will was valid. Oliver now appeals. On appeal, the only question before this court is whether the trial judge properly denied the appellant a trial by jury on his claims.

II.
Under Rule 38(a) of the District of Columbia Rules of Civil Procedure,[1] "[t]he right to a trial by jury as declared by the Seventh Amendment to the Constitution or as given by an applicable statute shall be preserved to the parties inviolate."[2] Thus, for the appellant to prevail, we must find that either the Seventh Amendment provides a Constitutional right to a jury trial in will contests or the D.C.Code explicitly provides for a jury trial. We look first to the D.C.Code and then the Constitution.

A. D.C.Code
As already discussed, the right to a jury trial in a will contest must either be guaranteed under the Seventh Amendment to the Constitution or given by statute. D.C.Code § 20-305 (2001) provides the process for challenging the validity of a will and is the statute governing whether or not there is a statutory right to a jury trial in a will contest.
Except as provided in section 20-353(b), any person may file a verified complaint to contest the validity of a will within 6 months following notice by publication of the appointment or reappointment of a personal representative under section 20-704. The person filing the complaint shall give notice to all interested parties.
D.C.Code § 20-305 (2001). Appellant concedes that the current version of the Code is silent as to whether the determination of a will lies with the court or a jury. However, the appellant alleges that when examining the legislative history, it is clear that the D.C. Council intended to preserve the right to a jury trial in a will contest.
"As a threshold matter, we acknowledge the often stated axiom that `the words of [a] statute should be construed *538 according to their ordinary sense and with the meaning commonly attributed to them.'" E.R.B. v. J.H.F., 496 A.2d 607, 609 (1985) (quoting Davis v. United States, 397 A.2d 951, 956 (D.C.1979)). "When the plain meaning of the statutory language is unambiguous, the intent of the legislature is clear, and judicial inquiry need go no further." District of Columbia v. Gallagher, 734 A.2d 1087, 1091 (D.C.1999). However, "the literal meaning of a statute will not be followed when it produces absurd results" and "whenever possible, the words of a statute are to be construed to avoid obvious injustice." Peoples Drug Stores, Inc. v. District of Columbia, 470 A.2d 751, 754 (D.C.1983) (citations and internal quotation marks omitted).
Since the statute's silence is not ambiguous and reading the statute as it is plainly written will not produce an absurd result or result in obvious injustice, we are constrained to read the statute as it is plainly written and need not examine the legislative history. As such, we can only conclude that there is no statutory right in the District of Columbia to a jury trial in a will contest. Accordingly, we must now determine whether such a right exists under the Seventh Amendment to the Constitution.

B. The Seventh Amendment
The Seventh Amendment[3] to the Constitution states that "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any court of the United States, than according to the rules of the common law." U.S. CONST. amend. VII. When determining whether there is a Seventh Amendment right to a jury trial we must take care to remember that "[m]aintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." Dimick v. Schiedt, 293 U.S. 474, 486, 55 S.Ct. 296, 79 L.Ed. 603 (1935). Appellant argues that although a will contest is, strictly speaking, a suit in equity, courts in common law and the courts in the District of Columbia have permitted the claims of lack of testamentary capacity, fraud, and undue influence to be heard by a jury.
"The right to a jury trial extends not only to common-law forms of action, but also to subsequently created legal remedies in which legal, as distinguished from equitable, rights are at issue." Johnson v. Fairfax Vill. Condo. IV Unit Owners Assoc., 641 A.2d 495, 505 (D.C.1994) (citation omitted). "The Seventh Amendment question depends on the nature of the issue to be tried rather than the character of the overall action." Id. (quoting Ross v. Bernhard, 396 U.S. 531, 538, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970)). Thus, we have stated the proposition to be that "where the issue in dispute is legal in nature a constitutional right to trial by jury attaches; where the issue, however, is equitable in nature there is not a constitutional right to a jury trial." Id. (quoting E.R.B., 496 A.2d at 611). In order to determine whether an issue is legal or equitable, "we consider: (1) the nature of the issue according to pre-merger custom, (2) the remedy sought, and (3) any practical limitations for jury resolution." Id. at 506 (citing Ross v. Bernhard, *539 396 U.S. 531, 538 n. 10, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970)); accord Chauffeurs, Teamsters & Helpers Local No. 391 v. Terry, 494 U.S. 558, 565, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990) (enunciating a similar two-prong test to determine where there is a right to a jury trial).
To determine whether an issue is legal or equitable, we first compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Under 18th-century English law, the power to make or challenge a will was enforced by ecclesiastical law, not common law or statute. BOONE-PARKER 3 PAGE ON WILLS, § 26.85 (3rd ed.1961). Thus, any present right to a jury trial to challenge a will "owes its existence to statute." Id.; see also In re Estate of Cheek, 53 P.3d 113, 117 (WY 2002); Caron v. Pennsylvania Bank, et al., 16 V.I. 169, 173-74 (1979). We next look at the remedy sought and determine whether it is legal or equitable in nature.[4] In a will contest action such as this, the remedy sought is to set aside or rescind the will.[5] The rescission of a contract is an action that we have concluded is equitable in nature because it is seeking to restore the aggrieved party to that party's position at the time the contract was made as opposed to seeking damages for breach of contract. See Dean v. Garland, 779 A.2d 911, 915 (D.C.2001) (stating that "[r]escission is an equitable remedy"), Doolin v. Environmental Power, Ltd., 360 A.2d 493, 496 (D.C.1976) (same). The rescission of a will is akin to the rescission of a contract because the parties are seeking to be placed in the position they would have been in if no will had been written rather than seeking money damages. Thus, the rescission of a will is an equitable remedy. Finally, we place little weight on the third consideration, whether there are any practical limitations for jury resolution. There has been no indication, and we can think of no reason, why a jury could not determine the issues of fraud, undue influence, and fraudulent inducement in the same manner as a judge. In fact, at one time the D.C.Code explicitly permitted a jury to decide these matters. See D.C.Code § 18-512 (1973) (stating that in a will contest "if either party requires it, the court shall direct an issue to be framed for trial by a jury."). When balancing the aforementioned factors, we must conclude that there is no Seventh Amendment right to a jury trial in a will contest.
Our conclusion is in accord with that of many other courts that have decided similar issues. See generally, Caron, 16 V.I. at 173-74 (1979) (concluding that the Seventh Amendment does not guarantee the right to a jury trial in a will contest); Cole v. Drum, 109 Kan. 148, 197 P. 1105, 1108 (1921) (citing Rich v. Bowker, 25 Kan. 7 (1881)) (noting that in "an action to contest a will the parties are not as a matter of right entitled to a jury."); Lewis v. Murray, 131 Minn. 439, 155 N.W. 392, 393 (1915) (stating that "[t]here is no constitutional nor statutory right to a trial by jury in a contest of a will upon the ground of lack of testamentary capacity or upon the ground of undue influence."); In re Estate *540 of Dolbeer, 153 Cal. 652, 96 P. 266, 268 (1908) (concluding that will contests are not suits in law, but are "special proceedings" requiring jury trials only when provided by statute).
Based upon the foregoing discussion, it is clear that neither the Seventh Amendment nor the D.C.Code provides for a jury trial in will contests. Therefore, we affirm the trial court's ruling.
So ordered.
NOTES
[1] Rule 107 of the Rules of the Probate Division of the Superior Court provides that the procedure in an action to contest the validity of a will is generally governed by the Superior Court Rules of Civil Procedure. Super. Ct. Prob. R. 107 (2002).
[2] Appellant contends that Super. Ct. Civ. R. 39(a) (2002) requires the trial court to convene a jury whenever a party's request is properly received. Appellant misreads the rule. Rule 39(a) states "when trial by jury has been demanded as provided by Rule 38, the action shall be designated upon the docket as a jury action." Id. (emphasis added). Under 39(a), a jury will only be convened, if there was a proper demand under Rule 38. Thus, Rule 38 provides the threshold inquiry for whether or not a jury trial is required, not Rule 39.
[3] "Although not incorporated to the states through the Fourteenth Amendment, the Seventh Amendment, `is, like other provisions of the Bill of Rights, fully applicable to courts established by Congress in the District of Columbia."' Kudon v. f.m.e. Corp., 547 A.2d 976, 978 (D.C.1988) (quoting E.R.B. v. J.H.F., 496 A.2d 607, 610 n. 6 (D.C.1985)).
[4] We look to the remedy rather than the cause of action because some causes of action can assert both legal and equitable rights. For example, fraud may be a legal or equitable claim depending on the relief sought; "if the defrauded party elects to affirm the challenged contract and seek money damages, then he has an action at law for deceit, whereas if the party elects to disaffirm the contract and be returned to the status quo ante, then he has an equitable action for rescission." 37 C.J.S. Fraud § 86 (1997).
[5] In his counterclaim, Oliver did not seek money damages.